THE KANSAS CITY, WYANDOTTE & NORTHWESTERN
RAILROAD COMPANY v. PATRICK KENNEDY.

49 19
Case 2
64 371
49 19
Case 2
69 273

1. CONDEMNATION PROCEEDINGS — *Bill of Particulars* — *Discretion of
Court.* In condemnation proceedings instituted by a railroad com-
pany and appealed by the land-owner to the district court, the rail-
road company filed a motion in the district court asking the court
to require the land-owner to file a petition or bill of particulars,
which motion was overruled by the court. *Held*, That the matter
rested wholly within the judicial discretion of the trial court, and
under the facts of this case the supreme court cannot say that such
court abused its discretion.

2. ———— *Nature of Judgment.* The judgment in the district court
in such a case should be in the nature of an award of damages and
for costs, and not a personal judgment for the damages.

*Error from Marshall District Court.*

THE opinion states the case.

*Wells & Wells, M. Summerfield,* and *Pratt, Ferry & Hagerman,*
for plaintiff in error:

The motion for a petition stating what the land-owner
claimed as damages should have been sustained. *St. J. & D.
C. Rld. Co. v. Orr,* 8 Kas. 419, 422; *Ellsworth &c. Rly. Co
v. Maxwell,* 39 id. 651. In this case the motion was a neces-
sity because no transcript was filed. What the clerk filed was
a mere certificate as to his opinion, which is not a record.

The judgment is personal, and therefore erroneous. *St. L. L. & D. Rld. Co. v. Wilder*, 17 Kas. 239, 247. Without a transcript from the county court, or a petition filed in the court below, there was nothing upon which to base a judgment.

*Thomas P. Fenlon*, and *John H. Atwood*, for defendant in error:

Neither in *Railroad Co. v. Orr*, 8 Kas. 419, nor in *Railway Co. v. Maxwell*, 39 id. 651, nor elswhere, has this court gone to the length of saying that petitions or bills of particulars in cases of this kind are imperative necessities. There doubtless have been and may again be cases where the absence of a petition or bill of particulars would result in hardship to the defendant, but there is nothing in this record to indicate that this case comes within that class. To be sure, the court in these two cases has said, that the motion to compel the filing of petition is a proper way of raising the question, and if a motion of that kind was overruled, and the record evidenced the fact that such an action on the part of the court caused hardship to the defendant below, this court would properly reverse and remand; but there is nothing in the record of this case to indicate or suggest hardship of any nature to the plaintiff in error. No petition was necessary to bring the plaintiff below properly into court, for the appeal bond properly filed gives jurisdiction to the district court. *Reisner v. Railroad Co.*, 27 Kas. 382, 387. The filing of the petition is not a matter of right, and the defendant below can only be heard to complain of its absence when the overruling of his motion to require it works manifest injury to him. In this case, as we have already stated, there is nothing to indicate that such injury resulted. *Railway Co. v. Curtis*, 48 Kas. 179.

The assignment of error that a personal judgment was rendered instead of an award for damages, (and, under the case cited by the plaintiff in error in his brief, this is error,) is not such error as requires a remanding of the case to the district court, even if advantage can be taken of it at this time. Such a judgment comes within subdivision 3 of § 568 of the code

of civil procedure. It is an irregularly obtained judgment. It is not such a judgment as should have been rendered. But the district court has full "power to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made," to use the language of the section just quoted; and the proper course for the plaintiff in error to have pursued was to have filed a motion for such a modification of the judgment as would make it an award of damages instead of a personal judgment. If it was not contemplated that an opportunity should be given to the trial court to correct an irregularity in any judgment that it might render, then the section of the statute referred to amounts to nothing. A principle underlying appellate proceedings in this state is, that the *nisi prius* judge shall have an opportunity of correcting any mistakes that he may have made before his action shall be subjected to the scrutiny of an appellate court. It is because of this that the motion for a new trial must be filed and heard before the plaintiff in error has standing in this court, and this is but fair.

We are of the opinion that an error such as is pointed out by the plaintiff in error in his brief had only to be called to the attention of the trial court to have had it corrected. In any event, the trial judge should have had an opportunity to correct his mistake, and failure to give this opportunity makes it too late for the plaintiff in error to raise this point in this court. To be sure, the case cited by the plaintiff in error does not say so, but then the point was never raised in that case. If the plaintiff in error had made in the court below a motion such as we have suggested, and it had been overruled, then there can be no question but that he could be heard to complain here; but having failed to avail himself of a cheap and speedy remedy in the way of a motion to modify, a remedy specifically pointed out by the statute to cover cases of this kind, we contend that he should be held to have waived his right to complain. *Small v. Douthitt*, 1 Kas. 335; *McMillan v. Baker*, 20 id. 50; *Abeel v. Harrington*, 18 id. 243; *Water Co. v. Knapp*, 33 id. 752; *Railroad. Co. v. Dwyer*, 36 id. 58.

The opinion of the court was delivered by

VALENTINE, J.: On September 18, 1888, the Kansas City, Wyandotte & Northwestern Railroad Company instituted condemnation proceedings to procure a right-of-way through the south half of the northwest quarter of section 13, in township 2, of range 10, and through other lands in Marshall county. Patrick Kennedy was and is the owner of said land. It appears that 3.65 acres of his land were taken for the right-of-way, for which the commissioners awarded him $185, and in addition thereto he was awarded $35 for damages to the land not taken; total, $220. He appealed to the district court, and in that court the railroad company filed a motion to require him "to file a petition or bill of particulars setting up the items constituting his damage by reason of the condemnation of right-of-way over plaintiff's land." This motion was overruled by the court. A trial was then had before the court and a jury, which resulted in a verdict in favor of the plaintiff, Kennedy, and against the railroad company for $769.64, and a personal judgment in favor of Kennedy and against the railroad company for the amount of the verdict; and the railroad company, as plaintiff in error, brings the case to this court.

The brief of the plaintiff in error sets forth three grounds for reversal, but its counsel in their oral argument abandoned the first one, and presented to this court only the second and third. The second is with regard to the aforesaid motion to require the plaintiff, Kennedy, to file a petition or bill of particulars. We think this matter rested wholly within the judicial discretion of the trial court, and we cannot say that such court abused its discretion. No affidavit or other evidence was presented in support of the motion, and nothing was presented in the case tending to show that without the petition or bill of particulars the railroad company would in any manner or degree be embarrassed in presenting any defense which it might wish to present. It did not show that the petition or bill of particulars would be of any benefit to it.

The third alleged error is, that the court below rendered an ordinary personal judgment against the railroad company for the damages assessed against it, when in fact the judgment should have been in the nature of an award of damages such as is usually rendered in condemnation proceedings, and for costs; and the case of *St. L. L. & D. Rld. Co. v. Wilder*, 17 Kas. 240, 247, is cited.   In this respect we think the court below did commit error, and therefore its judgment must be modified so as to make it a mere award of damages, as the railroad company contends it should be.   The case will therefore be remanded to the court below with the order that the judgment be modified in accordance with the views herein expressed.

All the Justices concurring.