THE SOUTHWESTERN MINERAL RAILWAY COMPANY v.
WILLIAM RUSSELL.

No. 324.

1. PLEADING AND PRACTICE—*Elements of Damage, Sufficiently
   Stated.* The petition set forth, and *held*, that it is sufficient, as
   against a motion to require the pleader to fully state all the ele-
   ments of damage which he expected to claim.

2. ———— *Condemnation Proceedings —Appeal— Discretion of
   Court.* Where condemnation proceedings are regular, and ap-
   pealed by the landowner to the district court, the filing of plead-
   ings rests wholly within the judicial discretion of the trial court.

3. ———— *Specific Facts — Liberal Construction.* The rule of
   law requiring the specific facts constituting the fraud, cruelty or
   the negligence to be stated should be liberally construed when
   applied to pleadings filed on appeal in condemnation proceedings.

4. ———— *Special Findings Examined.* The special findings
   examined, and *held*, to be in harmony with the general verdict.

Error from Cherokee district court; A. H. SKID-
MORE, judge. Opinion filed August 18, 1898. Af-
firmed.

*T. N. Sedgwick*, for plaintiff in error.

*Nelson Case*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. : In this case the plaintiff in error
is seeking to reverse a judgment of the district court
of Cherokee county, awarding damages to the defend-
ant in error for the right of way taken by the plaintiff
in error across the premises of defendant in error.
The proceedings were by condemnation and were regu-
lar in form, and from the award made by the commis-
sioners the defendant in error appealed.

Upon application of the railway company, the
plaintiff below was required by the court to file a pe-
tition. The company filed a motion to make the pe-

tition more definite and certain. The motion was overruled, and the company then answered, admitting the taking of the amount of land as alleged in the petition, and the plaintiff's ownership of the same, but denying the damages claimed. The case was tried to a jury and resulted in a verdict and judgment for the plaintiff below.

It is contended that the court erred (1) in not compelling the plaintiff below to make his petition more definite and certain, by stating fully all the elements of damage which he expected to claim; (2) in not setting aside the verdict and granting the defendant below a new trial, or in not reducing the verdict to the sum of $1097.17.

The plaintiff below in his petition alleged:

"That during all the times herein referred to defendant has been and now is a corporation duly organized under the laws of the state of Kansas. Plaintiff alleges that he is and during all the time herein referred to has been the owner of the northwest quarter of section 15, in township 32, of range 22, in Cherokee county, Kansas, through which said defendant has caused to be laid out a right of way and a railroad constructed thereon, whereby it has appropriated and is now in possession of 7.17 acres of plaintiff's said tract of land; that said railroad is a permanent structure and intended to always remain as now located, and by the location and construction thereof plaintiff will be permanently deprived of any use of the land thus appropriated and during all time. Plaintiff alleges that the value of the land thus taken and appropriated by said defendant was at the time of its appropriation and now is $200, and that by means of the laying out of said road and the construction of same through plaintiff's premises, the remaining part of the tract of land above described was rendered less valuable and of less use to plaintiff, whereby plaintiff was damaged in the sum of $2500."

Appeals are taken in condemnation proceedings in the same manner as appeals are granted from a judgment of a justice of the peace to the district court. In the case under consideration it is admitted that the proceedings are regular.   The case could have been tried upon the transcript as certified to the district court without pleadings.   The provisions of our law, as to pleadings on appeal in this class of cases, are liberal and entirely within the judicial discretion of the trial court.   In the case of *K. C. W. & N. W. Rld. Co. v. Kennedy*, 49 Kan. 19, the railroad company filed a motion to require the plaintiff " to file a petition or bill of particulars setting up the items constituting his damage by reason of the condemnation of right of way over plaintiff's land."

In considering this motion the court says :

"In condemnation proceedings instituted by a railroad company and appealed by the landowner to the district court, the railroad company filed a motion in the district court asking the court to require the landowner to file a petition or bill of particulars, which motion was overruled by the court.   *Held,* That the matter rested wholly within the judicial discretion of the trial court, and under the facts of this case the supreme court cannot say that such court abused its discretion."

The petition or bill of particulars filed in this case is sufficient.   The rule of law requiring the specific facts constituting the fraud, the cruelty or the negligence to be stated should be liberally construed when applied to pleadings filed on appeal in condemnation proceedings.

We have examined the second error and find no good reason for a reversal of the case.   The judgment of the district court is affirmed.