JOHN H. BUTTS v. THE BOARD OF COUNTY COMMIS-
SIONERS OF GEARY COUNTY et al.

No. 322.

1. ROADS AND HIGHWAYS— *Petition for Road— Jurisdiction of Commissioners.* A petition for a highway under section 29, chapter 89, General Statutes of 1889, signed by the petitioner interested only, gives the board of county commissioners jurisdiction to act in the premises.

2. ———— *Viewers' Report— Practicability and Utility.* In such case, before the board of county commissioners can approve the viewers' report and direct the highway to be located and opened, it must appear therefrom that the road proposed is practicable and of public utility.

3. ———— *Expense and Costs— Petitioner's Guarantee, Effect of.* The mere fact that the petitioner in such a case has promised the board of county commissioners to save the county harmless from the payment of any cost or damage in any event will not warrant the conclusion that the board intends to proceed in violation of law in the establishment of such highway.

Error from Geary district court; O. L. MOORE, judge. Opinion filed June 20, 1898. Affirmed.

*Thomas Dever,* for plaintiff in error.

*W. S. Roark,* for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J. : John Balsinger, one of the defendants in error, presented a petition to the board of county commissioners of Geary county for the establishment of a highway, under the provisions of paragraph 5502 of the General Statutes of 1889 (Gen. Stat. 1897, ch. 154, § 38). Prior to that time the plaintiff had attempted to proceed under paragraph 5511, but had abandoned the proceedings. The petition was signed by Balsinger only. The board appointed viewers, and had proceeded as far as it had any jurisdic-

Butts v. Geary County.

tion under the petition by the appointment of viewers. These facts are alleged in the petition; and it is further alleged that the viewers threaten to make a view of the premises of the plaintiff for the purpose of locating the proposed highway; that Balsinger had appeared before the board and had undertaken to pay the expenses of the establishment of the highway; that upon this understanding the board had acted in appointing the viewers; and that the establishment of the road would result in great damage to the lands of the plaintiff, Butts. The petition further alleges that the board of commissioners acted without jurisdiction, because the petition was signed by Bolsinger alone, and that therefore the viewers were without jurisdiction.

The court sustained a demurrer to this petition upon the ground that it did not state facts sufficient to entitle the plaintiff to an injunction restraining the viewers from making a view and the commissioners from considering and acting upon the report of the viewers. Section 29 contemplates a petition signed by the person alone whose premises come within the provisions of that section, and a petition signed by such person alone gives the board of commissioners jurisdiction to act in the premises. It cannot be assumed that the commissioners will act in violation of law. The only thing the viewers could do would be to examine the premises and report, under the provision of the road law, whether the line of road proposed by the petition was practicable and of public utility. It would then be the duty of the board to determine whether the conditions to be overcome would justify the expenditure of the amount of damages that the viewers found would necessarily be incurred by the establishment of the highway. As-

suming that the viewers were acting without authority
of law, anything that they could do would constitute
merely a naked trespass; and if they should trespass
upon the plaintiff's premises, the law affords an ade-
quate remedy, without the interposition asked of the
court by way of injunction.    Until these viewers re-
port favorably on the establishment of a highway,
that is, that it is practicable and of public utility, the
commissioners have no authority to proceed further,
and it cannot be assumed that they would proceed
without such a report.    So that, upon the whole, the
plaintiff's premises were not threatened by any such
trespass as was likely to result in the establishment
of an easement contrary to law and against his con-
sent.    In other words, the petition did not present
such facts as would authorize the court to grant the
relief asked.

It is contended that the petition duly disclosed the
fact that it was an attempt to appropriate private
property to private use, and not to establish a public
highway.    The allegations of the petition are not suf-
ficient to sustain a holding by the court that the com-
missioners were about to appropriate the property of
the plaintiff for a private use.    The mere fact that the
petitioner, Balsinger, had agreed in any event to pay
the costs of the proceeding, instead of agreeing to pay
them in the event that his petition was denied, does
not justify the court in holding, or assuming, that the
commissioners would eventually proceed further in
the case without lawful authority to do so.    Under
the provisions of section 29, to authorize the commis-
sioners to proceed, the viewers must report the same
state of facts that must be shown by their report in
the establishment of a highway under the prior pro-
visions of the chapter; and the commissioners must

be assumed to know this to be their duty, and to intend to conform their proceedings to it.

The district court did not err, consequently, in sustaining the demurrer to the petition, and its judgment must be affirmed.