ILLINOIS CENTRAL RAILROAD COMPANY *v.* FRANK S. SWALM.

1. HIGHWAYS. *Railroad Crossings.* *Code* 1892, § 3555.

   The fact that a railroad company had constructed its track and put the same in operation before a highway was laid out, does not relieve it of its duty under Code 1892, § 3555, to erect a bridge over the track or grade the approaches thereto for the highway.

2. SAME. *Board of supervisors.* *Judgment.* *Irregularities.*

   The judgment of a board of supervisors ordering a highway to be laid out, from which no appeal was prosecuted, cannot be attacked for mere irregularities by a railroad company when proceeded against to compel it to erect a bridge over, or to grade approaches to, its track for the highway crossing.

3. SAME. *Code* 1892, § 3892. *Amended laws* 1896, *p.* 152.

   A judgment of the board of supervisors ordering the laying out of a public road is not void:

   (*a*) Because of a proviso requiring the petitioners for the road to pay all the expenses of laying it out and maintaining it for three years; nor

   (*b*) Because three commissioners were appointed to lay it out, instead of two as required by Code 1892, § 3892, amended by Laws 1896, p. 152.

FROM the circuit court of Lincoln county.

HON. ROBERT POWELL, Judge.

Swalm, appellee, was plaintiff, and the railroad company, appellant, was defendant, in the court below. The suit was a proceeding from a mandamus to compel the railroad company to erect a bridge over its tracks for a highway crossing.

Appellee, Swalm and others, filed their petition with the board of supervisors, asking for the establishment and opening up of a new public road just south of the corporate limits of Brookhaven. The proposed new road ran east and west, and was about a quarter of a mile long, intersecting two public roads running north and south. The new road crossed the

tracks of the Illinois Central railroad where there was a cut about twenty-five feet deep and about fifty feet wide, through which the double tracks of the Illinois Central railroad extended. At the April, 1902, term of the board of supervisors, an order was entered establishing and laying out the new road, and appointing three commissioners for that purpose. This order provided that the petitioners should pay all the expenses or damages that may be incurred in laying out, working, and maintaining the said road for three years. The order further recited: "It further appearing that all the owners, except the Illinois Central Railroad Co., of the land through which the road is proposed to be run, have signed the petition, and that five days' notice of the presentation of the petition has been given to the Illinois Central Railroad Co., as required by law, it is ordered," etc. There was no appeal from this order by the Illinois Central Railroad Co. Appellee, Swalm, filed his petition in the circuit court at the November term, 1902, against the Illinois Central Railroad Company, praying a writ of mandamus to compel the railroad company to build a bridge over its tracks. Defendant pleaded the general issue, and gave notice under it that it would prove, among other things, that the railroad of defendant company was built and was in operation 30 or 40 years before the highway was laid out across its tracks, claiming that the statute requiring railroad companies to construct grades or bridges on public highways across their tracks does not apply in such cases; that the public interests and convenience did not require said highway to be laid out and established; that said highway was laid out by a committee of three persons, while the statute requires the committee to consist of only two persons; and that the committee laid out and opened the road for a width of fifty feet, while only authorized to lay out and open it for a width of thirty feet. There was a trial at the May term, and there was a peremptory instruction by the court to find for the plaintiff. Defendant offered to prove by several witnesses that the highway and bridge were not neces-

sary for public travel and convenience. Plaintiff's objection to
this evidence was sustained on the ground that the board of su-
pervisors had full authority to decide this matter, and, having
decided it, and no appeal having been taken from their decision,
the matter is *res adjudicata.* It was insisted by the defendant
that the order of the board of supervisors is void on its face,
because of the facts mentioned and discussed in the opinion of
the court. Defendant's motion for a new trial was overruled,
and it appealed to the supreme court.

*Mayes & Longstreet* and *J. M. Dickinson,* for appellant.

The order of the board of supervisors of Lincoln county en-
tered at the July meeting, 1902, undertaking to establish the
highway, is void on its face for the following reasons:

First. The order does not make or warrant an unconditional
establishment of the road. The order recites, in its decretal
part, as follows: "It is ordered, considered, and adjudged by
the board that the prayer of the petitioners ought to be granted,
and the same is hereby granted; provided, the petitioners will·
pay all expenses or damage that may be incurred in laying out,
working, and maintaining the road for three years." There
nowhere appears in the record the acceptance of these con-
ditions by the petitioners on whom the burden is put as a lia-
bility to be assumed before the road shall be established or laid
out. It was a conditional establishment of the road, not a
positive or final one.

Second. The order establishing the alleged new highway is
void on its face because there is no warrant in law for the ac-
tion of the commissioners, who, on laying out the highway,
opened it up and marked it out for a width of fifty feet, in
plain violation of § 3887 of the code of 1892. The section re-
ferred to states explicitly that the width of the highway should
not exceed thirty feet, and yet the commissioners laid out the
road fifty feet wide, and the supervisors undertook to approve
of their having done so.

Third. The said order of the board establishing said alleged highway is void on its face because it evidences a material departure from the procedure required by § 3892 of the code of 1892, in this, the board undertook to appoint three commissioners, when the law only authorized the appointment of two. *Craft* v. *DeSoto County,* 79 Miss., 622.

Fourth. The order of the board is void on its face because it does not show how notice was given to the Illinois Central Railroad Company. There is a recital in the order that it appeared to the board that five days' notice of the presentation of the petition had been given the Illinois Central Railroad Company, as required by law, but in this phase it was "jurisdictional" to show in the order the notice pretended to have been given the Illinois Central Railroad Company.

There is no allusion in the original petition to any interest of the Illinois Central Railroad Company, and that company is not brought in as a party in anywise, therefore no summons could have been lawfully issued.

We further respectfully insist that there was no power in the court to order the writ of mandamus under the evidence.

In many of the cases the grant of such a writ is sustained because of clear proof of charter obligations, and in others on account of the special authority declared by the terms of statutes of states.

But the statute of Mississippi confines the right to the writ within narrower limits than does the general pirnciple, and the statutes of many states.

The Illinois Central Railroad Company, within the meaning of the code of 1892, § 2846, holds "no office, trust, or station," and it cannot be claimed that one of the duties resting on it "resulting from an office, trust or station" is the duty of building a bridge across its tracks.

Nor can the use of the mandamus in this character of case be referred to the common law right or rule, because, in the first place, the especial statutory provision of this statute supersedes

the common law, and give the right to the writ only as expressly provided, and, in the second place, the writ of mandamus could not have been resorted to under the common law to compel a railroad company to build a bridge over its tracks to accommodate a public highway surveyed over its right of way after the construction of the railroad.

In the case of *Illinois, etc., R. R. Co.* v. *Copiah County*, 81 Miss., 685; s. c., 33 So. Rep., 502, this honorable court held that at the common law there was no such obligation resting on the railroad company, but that § 3555, Code 1892, changed the common law rule so as to impose the new liability on the company, and sustained the action for the statutory penalty. If there was no common law right there can be no common law remedy.

*Jones & McCullough,* for appellee.

It is admitted that the plaintiff owns property on both sides of the new highway and is interested therein. Being interested, he has the right to bring this suit. Code 1892, § 2846; Code 1892, § 3555; 20 Enc. Pl. & Pr., 904; 13 Enc. Pl. & Pr., 630; 6 Rapalje & Mack's Digest, Railway Law, 384; *Railroad Co.* v. *State,* 13 So. Rep., 384.

The testimony in the case shows that the highway cannot be traveled unless a bridge is constructed over the track. It is also shown by the testimony that the highway would be of very great convenience to many people living in the neighborhood on both sides of the railroad.

One of the main objections urged by the railroad against a compliance with § 3555 of the code was that the railroad was constructed and put into operation before the highway in question was laid out and opened. That the railroad company really regarded this as the only question in the case as shown by the fact that in a similar case they raised but this single question, which was discussed and passed upon by this court adversely to the position taken by the defendant. *I. C. R. R. Co.* v. *Copiah*

*County,* 81 Miss., 685.   Besides the question above disposed of, the railroad company raised other questions, which may be grouped as follows:

1. That the proceedings of the board of supervisors in establishing the highway in question were void.

2. That the public convenience does not require the highway.

3. That the highway is a private and not a public one.

4. That the property cannot be taken without due compensation being first made.

The petition to the board of supervisors for the highway contains all of the jurisdictional facts.

The judgment of an inferior court upon jurisdictional facts is regarded as conclusive, and where there is a judgment necessarily affirming that jurisdiction exists and this judgment could not have been pronounced without passing upon jurisdictional facts, it will be conclusive as against all collateral attacks.   Elliott on Roads and Streets, secs. 286, 287.

It is further argued by the defendant that the proceedings are void because the board appointed a committee of three persons to view the contemplated route when the statute only requires the appointment of two persons.   This question is not jurisdictional, and the most that can be said of it is, that it is a mere irregularity.

But it is further argued that the proceedings are void because the committee appointed to lay out the road laid it out fifty feet wide, when by law they had no authority to lay it out more than thirty feet wide.

It does not appear that defendant has any right to complain of the fact that the road east of the railroad is more than thirty feet wide; it does not appear that more than thirty feet of the railroad right of way is desired.

If the property owners do not object that more land is taken, than thirty feet wide, we fail to see why the railroad company should endeavor to interpose the objection for them.

By the petition and the order granting the petition it ap-

pears that the board had jurisdiction of the parties and subject-matter, and although the board may have had no authority to lay out a fifty foot road, it did have authority to lay out a thirty foot road, and the whole proceedings are not void, but only erroneous.

On the question of public convenience. This matter has been confided by the legislature to the board of supervisors, and their determination of the question is final and conclusive. This seems to be one of the few questions of law that is regarded as settled. Section 3892, Code 1892, Laws 1896, inserted page between pages 162 and 153; Lewis on Eminent Domain, secs. 166, 238, 239.

It is further argued by the appellant that the highway is a private and not a public one because the board of supervisors refused to incur any expense in laying out or maintaining it. Private property taken for a highway is taken for public use, though it accommodate but a single family, and the public nature of the use is not affected by the fact that the expense is defrayed in whole or in part by private contribution. Lewis on Eminent Domain, sec. 166; 14 L. R. A., 62, and note; *New Jersey* v. *Mayor,* 14 L. R. A., 62.

If the board can have the road kept up free of expense to the county, no one has any right to object, nor ought to want to interpose any objection thereto. If, however, the highway cannot be kept up without expense to the county, then, under the general law, which requires the board of supervisors to provide for the working of highways, they should be required to work this one. But this is not a question before this court; it is foreign to the issue. The question is not as to how the board of supervisors will keep up the highway nor as to what means they have devised or may devise for keeping it up. With this question the railroad company has nothing to do. The question is whether this is a highway or not, and the board of supervisors, the only tribunal on earth having the authority to pass on that question, have adjudged that it is.

It is also urged by the appellant that we are seeking to take private property without first making due compensation. How far fetched! The record shows that the appellant had notice of the filing of the petition before the board. It did not appear before the board and contest the granting of the petition. A committee was appointed to lay out and mark the highway. This committee did so, and made their report of their acts in the premises to the board at the August meeting, 1902, of the board. By § 3894 of the code, the manner for obtaining damages and in which damages may be obtained is. pointed out. There is no attempt here to take the railroad's property without due compensation. It has had its "day in court," and by failing to propound its claim for damages as provided by this statute, it has waived the right to claim damages. The time for propounding the claim granted by this statute is reasonable, and if the railroad company desired pay for the land taken, it should have proceeded in accordance with the provisions of this section. The railroad filed no claim for damages at the August meeting, 1902, and have filed none yet. Elliott on Roads and Streets, sec. 267.

The board, it will be noted, is not required to go upon the premises and assess damages unless damages have been claimed in writing. No such claims having been presented, the presumption is that damages are waived. Elliott, sec. 267.

WHITFIELD, C. J., delivered the opinion of the court.

There is no merit in any of the contentions of the appellant. The objection that the railroad was constructed and put into operation long before the highway was laid out and opened is settled by the case of the *I. C. R. R. Co.* v. *Copiah County,* 81 Miss., 685; s. c., 33 So., 502. No objection can be made to the action of the board of supervisors in establishing this highway, upon the ground of mere irregularities. That would be to permit a collateral attack upon the judgment. No appeal had been taken. The only grounds upon which it is seriously urged that the judg-

ment of the board of supervisors was absolutely void are: First, that the order establishing the highway contained the proviso "that the petitioners will pay all the expenses or damages that may be incurred in laying out working, and maintenance of said highway for three years;" second, that the three commissioners appointed to examine and report upon the highway were all of the district in which the highway was to be constructed. The case of *State of N. J., etc.,* v. *The Mayor et al. of Orange,* 14 L. R. A., 62, together with the authorities cited in the note, is conclusive that the addition of this proviso to the order does not affect its validity; such addition was not against public policy. Neither could it otherwise, if surplusage, affect the validity of the order, perfectly proper in all other respects. This proviso held out no offer of personal advantages to the board of supervisors. The court well says in that case: "It is almost always necessary, in deciding upon the propriety of a public improvement, to consider, on the one hand, the advantages which are likely to accrue to the public from it, and, on the other hand, the expense and burden which will be imposed by reason of it. These considerations lie at the root of the question whether it shall be done. Where the amount of expense is so great that the undertaking is dropped, a public gain is lost by reason of this unfortunate obstacle. If the expense can in any way be reduced so that the balance, after weighing these counter considerations, is in favor of the benefit over the burden, then the public reap the advantage. It seems to follow that an offer to diminish the expense which should fall upon the public is a gain, and not a loss, to the public."

As to the second objection, very earnestly pressed, it is completely answered by the act of March 23, 1896, amending § 3892 of the code of 1892, which act seems to have entirely escaped the attention of the learned counsel for appellant. This act ought to have been interleaved in the published acts of 1896, between pages 152 and 153. That amendment expressly provides that the committee shall consist "of two disinterested free holders of

the district of the road." The fact that three disinterested free-holders of the district of the road acted as the committee, of course, makes no difference. The proper number required by the amendment acted, and that was sufficient.

*Affirmed.*