Railway Co. v. Spaulding.

THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY V. JAMES A. SPAULDING.

No. 13,533. (77 Pac. 106.)

SYLLABUS BY THE COURT.

RAILROADS—*Right to Enjoin a Trespasser.* One who constantly rides upon the rails of a railroad company's track by means of a bicycle is a trespasser; his conduct is a continuing menace to the safety of public travel, and may be perpetually enjoined.

Error from Atchison district court; B. F. HUDSON, judge. Opinion filed June 11, 1904. Reversed.

A. A. Hurd, and O. J. Wood, for plaintiff in error.

C. D. Walker, and J. L. Berry, for defendant in error.

The opinion of the court was delivered by

GREENE, J. : The plaintiff is a corporation owning and operating a line of railroad from the city of Atchison to the city of Cummings, in Atchison county, over which it transports passengers and freight. It brought this suit perpetually to enjoin the defendant from riding over its track from Atchison to Cummings on a bicycle so constructed as to enable him to run it on the rails. A temporary injunction was granted. To the petition the defendant filed a demurrer which was overruled. In his answer he pleaded a general denial and that the petition did not state facts sufficient to entitle the plaintiff to the relief sought. The trial resulted in a judgment for defendant, and the plaintiff prosecutes this proceeding in error.

The defendant in error moves to dismiss the action for want of jurisdiction of this court. It is true that neither the petition in the court below nor the evidence upon the trial stated or proved what amount

was in controversy, but after the case was tried the plaintiff in error procured and filed with the case-made affidavits which showed that the amount exceeded $100. It has been the common practice of this court since the decision of the case of *Jones v. Kellogg*, 51 Kan. 263, 33 Pac. 997, 37 Am. St. Rep. 278, to show any jurisdictional fact by evidence outside the record. The motion is overruled.

It appears that upon the final hearing the court concluded that the plaintiff's petition was not sufficient to entitle it to any relief. The material part of the petition reads as follows:

"That it is now and for a number of years last past has been the owner of a line of railroad running through the county of Atchison and into and through the city of Atchison, in said county, over which line of road it operates continuously freight- and passenger-trains, both day and night, and that it is necessary for the protection of its trains, passengers, and employees, that it have the exclusive use of its tracks, road-bed, and right of way; that the said defendant has for a considerable length of time, without any authority of law and without the assent or permission of this plaintiff, used its track and road-bed between the station of Cummings and the city of Atchison, in said Atchison county, Kansas, for the purpose of transporting himself thereover on a vehicle called a bicycle, so constructed as to run along and upon the tracks of said plaintiff, and propelled by himself; that this plaintiff has repeatedly warned and notified said defendant that he must not use its said railroad-track and road-bed in the manner and for the purposes stated, but that he refuses to desist from the use of its said track in the manner aforesaid, and informs the plaintiff that he will not obey the notice and warning given him as aforesaid; the plaintiff avers that the use of its said railroad-track and road-bed by the defendant in the manner aforesaid does, and will, greatly endanger the operation of its trains thereover, and is

liable to cause collision between the defendant and his bicycle and the plaintiff's trains, and by reason of collisions which are likely and probable to occur its property and the lives of the plaintiff's passengers and employees are constantly menaced and endangered, and that if said defendant be permitted, to continue the use of the said track and railroad of the plaintiff in the manner hereinbefore stated, said plaintiff will suffer irreparable damage and injury by reason of collision between the defendant and his bicycle and plaintiff's trains, and that it is without a plain and adequate remedy at law."

The objections urged to this petition, as stated by defendant in his brief, are the following :

"The length of the track so used by defendant is not stated, nor its condition ; there is no statement of the number of trains passing over that portion of the track each day, nor the respective times of their passage, nor that defendant's use of the track with his bicycle was at such times that trains were due or likely to pass over it; nor how, nor in what way, a collision with a man on a bicycle could or would derail a train, or interrupt its passage over the track. Nor are any facts stated to show how, or in what manner, a collision might occur, or how such collision could or would occasion any interference with the operation of trains, or endanger plaintiff's property and the lives of its passengers and employees."

These objections cannot be sustained. If the plaintiff can maintain the action at all its petition states sufficient facts to entitle it to a perpetual injunction. It is pertinent to say that the right of a railroad company to the exclusive use of its tracks does not depend wholly upon the actual damage done, or likely to be done, to its tracks or right of way, or the financial ability of the person committing such damage to respond in damages. A railroad company is a *quasi*-public corporation. (*St. Jos. & D. C. Rld. Co. v. J.*

28—69 KAN.

*Ryan*, 11 Kan. 602, 15 Am. Rep. 357 ; *The State, ex rel., v. D. C. M. & T. Rly. Co.*, 53 id. 377, 36 Pac. 747, 42 Am. St. Rep. 295.) Plaintiff's duties with reference to carrying freight and passengers are subjects of legislative regulation and control. It is properly held to the highest degree of care for the safety of the lives and property thus entrusted to it commensurate with the business in which it is engaged. The damage to plaintiff's track by reason of defendant's constant use thereof, or the danger to his life by his foolhardy persistence in riding thereon, are not the most important questions, nor are they determinative of plaintiff's right to an injunction. If these were all the questions, the plaintiff might be required to seek other relief. The rights of the public are involved. The safety of public travel demands a clear track, and it is the duty of railroad companies to provide it. If it be unable to keep therefrom trespassers, who, by their constant presence, are liable to endanger the lives of the public who constantly use these thoroughfares, it may apply to the equitable power of the court for assistance.

It has been ruled again and again by this court that a railroad company is entitled to the uninterrupted and exclusive possession and occupancy of its tracks and all of its right of way necessary for conducting its business, except where built on the public highway or over public crossings. (*Mo. Pac. Rly. Co. v. Manson*, 31 Kan. 337, 2 Pac. 800 ; *K. C. Rly. Co. v. Allen*, 22 id. 285, 31 Am. Rep. 190 ; *Tennis v. Rapid Transit Rly. Co.*, 45 id. 503, 25 Pac. 876 ; *K. C. Rld. Co. v. Comm'rs of Jackson Co.*, 45 id. 716, 26 Pac. 394 ; *Dillon v. Railroad Co.*, 67 id. 687, 74 Pac. 251.) The petition in this case shows that the defendant was a constant trespasser upon the company's tracks, and his conduct a menace to the

safe and speedy operation of its trains and dangerous to public travel.

The judgment of the court below is reversed and the cause remanded.

All the Justices concurring.