JOSEPH S. HOWARD v. WILLIAM SCHMIDT.

No. 13,893. (79 Pac. 142.)

SYLLABUS BY THE COURT.

1. HIGHWAYS—*Term "Private Road" Held Not Fatal.* Where the proceedings in relation thereto are otherwise sufficient, an order of the county board establishing a public highway is not rendered void by the fact that in the petition and published notice, and in parts of the commissioners' journal, but not in the final order, the proposed way is described as a "private road."

2. ——— *Ejectment—Report of Viewers May be Contradicted.* In an action of ejectment where the issue is the validity of proceedings for the establishment of a public road, in which no personal notice was given to the owner of the land affected, there

Howard v. Schmidt.

being no conclusive evidence that such owner was a non-resident, a recital in the report of the viewers that the landowner filed with them a written claim for damages is open to contradiction by oral testimony, and cannot be made the basis for a peremptory instruction that the order establishing the road was valid.

Error from Franklin district court; CHARLES A. SMART, judge. Opinion filed January 7, 1905. Reversed.

*William H. Clark*, for plaintiff in error.
*Benson & Harris*, for defendant in error.

The opinion of the court was delivered by

MASON, J. : Joseph S. Howard sued William Schmidt for the recovery of the possession of a tract of land described by metes and bounds, being in fact the west twenty-five feet of a quarter-section. The petition was drawn in general terms under the statute, and the answer was a general denial. At the trial plaintiff introduced a series of conveyances covering the entire quarter-section, beginning with a patent from the United States and ending with a deed to himself. The defendant's testimony disclosed that the real controversy was whether the strip of ground in question had become a highway, either by formal action of the county commissioners, or by prescription or dedication. At the conclusion of the evidence the court directed the jury to return a verdict for the defendant, and from the judgment which followed the plaintiff prosecutes error.

The defendant's evidence included the public records of proceedings had with reference to the establishment of a road, and also testimony bearing upon the matters of adverse possession and acquiescence; but as plaintiff was not bound by the statements of defend-

ant's witnesses, whether contradicted or not, the only question for present consideration is whether such records proved that a road was legally established.

It is claimed by plaintiff that the records show that all the proceedings with reference to the establishment of a road were void because they were had under sections 6053 to 6055 of the General Statutes of 1901, which purport to authorize the opening of private roads, and which have been declared unconstitutional in *Clark v. Mitchell County*, 69 Kan. 542, 77 Pac. 284. The defendant, however, contends that while it is true that here and there in the record the proposed way referred to is described as a "private road," yet every requirement essential to the laying out of a public road was met, and the proceedings therefore were effectual for that purpose under the general statutes.

The facts, as shown by the records, were as follow : The petition by which the proceedings in question were begun asked for the location of a "private road for William Schmidt," but was signed not only by Schmidt, but by twelve householders residing in the vicinity, as the statute (Gen. Stat. 1901, § 6016) requires in the case of an application for a public road. The bond given bound Schmidt to pay all the costs and expenses of "viewing and locating of a road petitioned for by William Schmidt and others," if the petition should be granted, while the statute just cited requires a bond insuring the payment by the petitioners of the costs and expenses in case a road be not established. A publication was made by the county clerk in conformity with the requirements of section 6018 of the General Statutes of 1901, the notice reciting that a petition had been presented asking the location of a "private road," and stating where and

when viewers would meet for the purpose of viewing "said road." The county surveyor reported a survey of the "road as petitioned for." The viewers' report included a finding that the "road petitioned for" was of public utility, and recommended that it be established and opened. The county commissioners also made a finding that the road was of public utility, and an order that it be "located and established as a public highway," but directed that the clerk should not notify the township trustee to open the road until the payment by the petitioner of all expenses and damages. These Schmidt paid to the county treasurer. The entries in the commissioners' journal were entitled "In the matter of the location of a private road as petitioned for by William Schmidt." In all other respects the proceedings appear to have been adapted to the establishment of a public highway and to have been sufficient for that purpose, unless rendered ineffective by reason of an omission which will be noted later.

The question presented is whether the repeated designation of the proposed way as a "private road" is sufficient to defeat the jurisdiction of the county commissioners and nullify their final order establishing it as a public highway. While the petition, which is the basis for all subsequent action, uses the term "private road" to describe the thing asked for, the fact that it is signed by twelve petitioners, who are designated as householders residing in the vicinity, is some evidence of a public interest in the matter, and of an intention to invoke action under the statute relating to public roads, since neither the void act already referred to, which purports to authorize the establishment of a private road, nor section 6044 of the General Statutes of 1901, which provides for

granting an outlet to a person otherwise cut off from access to the highway, mentions a requirement that the petition be signed by any one other than the person to be benefited. (*Butts v. Geary County*, 7 Kan. App. 302, 53 Pac. 771.) Although the publication made by the clerk referred in terms to a private road, it was effective to give notice of a proceeding under the statute having for its purpose the laying out of a highway. In view of the fact that the only statute mentioning a private road is a nullity, the word "private" had no possible legal meaning and may well be regarded as mere surplusage. The use of the word elsewhere in the proceedings was, at the most, a mere irregularity. The circumstance that the chief petitioner was required to pay the expenses, and did pay them, did not affect the matter. (*Railroad Co. v. Swalm*, 83 Miss. 631, 36 South. 147.) We conclude that, so far as this feature of the case is concerned, the order establishing the road as a public highway was valid.

The validity of the action of the commissioners is further challenged upon the ground that no personal notice was served upon the owner of the land, as required by section 6019 of the General Statutes of 1901. The record discloses that no such notice was given. This omission is fatal to the board's jurisdiction, unless cured in some way. (*The State v. Farry*, 23 Kan. 731.) There is a recital in the report of the viewers that this landowner filed a claim for damages, and that an allowance was made to him as compensation for the land taken. The statute (Gen. Stat. 1901, § 6020) forbids any such allowance to be made unless upon the written application of the landowner, and also (§ 6022) requires all such applications to be returned with the viewers' report. No application for

Howard v. Schmidt.

damages was produced at the trial, but the recital of the report of the viewers that one was presented, upon which they acted, if uncontradicted, would doubtless be sufficient evidence of that fact, and consequently of a waiver of the failure to give notice (*Comm'rs of Woodson Co. v. Heed*, 33 Kan. 34, 5 Pac. 453) ; but testimony was introduced tending to show that in fact no appearance whatever was made by the landowner, and that the viewers made the award upon their own motion.   This raised a question required to be passed upon by the jury.   There was no recital in the record of the road proceedings that the owner of the land was a non-resident.   Oral evidence was given tending in that direction, but this might not have been regarded by the jury as convincing.   In the absence of evidence proving conclusively either that the owner of the land was a non-resident or that he had waived the service of the notice required by the statute, it was error for the court to direct a verdict for the defendant.

The judgment is reversed, and a new trial ordered.

All the Justices concurring.