THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JOHNSON *et al.* v. JAMES G. MINNEAR.

No. 14,304.     (83 Pac. 828.)

SYLLABUS BY THE COURT.

1. HIGHWAYS—*Establishment—County Commissioners.* Under section 6044 of the General Statutes of 1901 a road may be legally established by the board of county commissioners, if the proceedings prescribed by law for the establishment of public highways generally are followed, and such road is established as a public highway.

2. ———— *Petition—"Private Road"—Immaterial Description.* The mere fact that the word "private" is used in the petition and other papers and proceedings relating to the establishment of a road under the above-mentioned statute, as a part of the description thereof, will not affect the validity of a road so established.

Error from Johnson district court; WINFIELD H. SHELDON, judge. Opinion filed December 9, 1905. Reversed.

*John T. Little,* and *Charles Hoge,* county attorney, for plaintiffs in error.

*J. P. Hindman,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This case involves the validity of a road. The plaintiff in error Smallwood, having no outlet from his premises, petitioned the board of county commissioners to locate a road sixteen and one-half feet wide from his premises over a forty-acre tract of land owned by the defendant in error to a public highway. The petition was signed by twenty other householders, as in ordinary cases. All the steps prescribed by law for the establishment of a public highway were taken under this petition. The petition was the ordinary printed form, with the word "private" written before the word "road." This word "private" also appeared in the published notice of the filing of the petition, and in the proceedings of the commissioners, but a full and specific description of the road proposed, stating its width, the point of beginning and termination, and the land upon which it was to be located, was given in the petition, notices, and other proceedings. The landowner met with the viewers and presented a claim for $300 as damages sustained by him on account of the location of the road. The viewers reported that the route was practical, and of public utility, and recommended the establishment of the road. They awarded the landowner $56.80 as damages.

On December 14, 1903, the board of county commissioners, in regular session, after considering the report of the viewers and other proceedings, found that the road was of public utility, and ordered that it be established as a public highway and opened for public travel when all costs were paid. The landowner was allowed the amount of damages awarded by the viewers. Instead of appealing from the award of damages the owner filed a petition in error in the district court, with a transcript of the proceedings had before the commissioners, and asked that the action of the board be vacated as without authority and void. The district

court granted the prayer of the petition. Smallwood and the commissioners come to this court by petition in error and ask that the judgment of the district court be reversed.

The landowner claimed in the district court, as he does here, that as the proposed road was designated in the petition and other papers as a private road no jurisdiction was conferred upon the board to locate and establish a public road, and therefore all action taken under the petition was illegal and void.

This is the controlling question presented. The same proposition was considered by this court in the case of *Howard v. Schmidt*, 70 Kan. 640, 79 Pac. 142, and decided adversely to the contention of the defendant in error. The use of the word "private" in the designation of this kind of a road is a matter of very little importance, and should not mislead any one. There is no such thing in this state as a private road in the sense that the land of one person can be appropriated to the exclusive use and ownership of another. The words "private road," therefore, when used in such sense, express no force or meaning. In a certain sense, however, the road in question is a private one, and the designation "private road" as aptly as any other term describes its character. This road was evidently applied for and established under section 6044 of the General Statutes of 1901, which reads:

"That whenever the premises of any person in this state shall be so completely surrounded by adjoining lands, the property of other persons, as to be without access to any public highway, then such person may petition the board of county commissioners of the county in which such premises lie for a road through some portion of the adjoining lands, and the board shall on the presentation of such petition proceed in accordance with the provisions of the foregoing sections to lay out such road, make returns of plats, and allow damages, if any should be held or allowed, provided said road shall not exceed twenty-five feet in width, and be laid out upon the section or half-section lines when practicable."

Under this section a valid road may be established which is only sixteen and one-half feet wide. Such a road is not a public highway, as ordinarily understood. Its width is different—its object exceptional. Its principal purpose is to accommodate the petitioner. In a large sense it is a private road, but in a more limited view it is also a public road, in that it provides at public expense a free and open highway by which the general public can go to and from the premises of the petitioner, as business or pleasure may require. This limited use by the public is sufficient to give such a road all the legal characteristics of a public highway. (Ell. Roads & Str., 2d ed., § 192; *Masters v. McHolland*, 12 Kan. 17; *Bankhead v. Brown*, 25 Iowa, 540; *B. A. & P. Ry. v. M. U. Ry.*, 16 Mont. 504, 41 Pac. 232, 31 L. R. A. 298, 50 Am. St. Rep. 508.)

The word "private" in the petition does not, therefore, when construed in connection with the general description given therein of the proposed highway, have any controlling significance. (*Howard v. Schmidt*, 70 Kan. 640.) The road was legally established.

The defendant has objected to the jurisdiction of this court because the record does not show that the amount in controversy exceeds $100, but this objection has been met by affidavits filed with the case-made. (*Jones v. Kellogg*, 51 Kan. 263, 33 Pac. 997, 37 Am. St. Rep. 278; *Railway Co. v. Spaulding*, 69 Kan. 431, 77 Pac. 106, 66 L. R. A. 58.)

The judgment of the district court is reversed, the cause remanded, and the court directed to carry out the views herein expressed.

All the Justices concurring.