## MIDLAND VALLEY R. CO. v. JARVIS et al.

Circuit Court of Appeals, Eighth Circuit.
November 26, 1928.

No. 8050.

O. E. Swan, of Muskogee, Okl. (J. D. Gibson, of Muskogee, Okl., on the brief), for appellant.

George Siefkin, of Wichita, Kan. (Robert C. Foulston, W. E. Holmes, D. W. Eaton, Sidney L. Foulston, and Lester L. Morris, all of Wichita, Kan., on the brief), for appellees.

Edward J. White, Joseph M. Bryson, and E. T. Miller, all of St. Louis, Mo., amici curiæ.

Before VAN VALKENBURGH and BOOTH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge. Appellant, Midland Valley Railroad Company, through lease from the Wichita & Midland Valley Railroad Company, holds the following property by virtue of a right of way deed from L. K. Scroggin, the fee owner at the time said deed was executed:

That portion of a strip of ground in Sumner county, Kansas, 100 feet in width, lying in the southeast quarter of section 14, township 32 south, range 2 east, said strip being 50 feet each side of the center line of said railroad as now located from the south line of said quarter to station 880 of said railroad location, containing 3.13 acres; also an additional irregular plot of ground lying each side of the center line as now located from said station 880 to the north line of said quarter, said plot of land being 200 feet in width at said station 880 and 390 feet wide at the north line of said quarter and contains 7.56 acres; also the east half of blocks 89, 90, and of the out lot 22, containing 5.49 acres—all in the city of Oxford, including in all 16.18 acres.

It seeks in this suit to enjoin appellees from using said right of way for the construction of any building or other structure, and from doing any drilling, constructing

any powers, pumps, oil wells, or other things thereon, and, in general, from interrupting or interfering with appellant in any manner in the exclusive use and occupancy of said land for all railroad purposes which are necessary or useful in the operation of the railroad enterprise. The application for temporary injunction was heard upon the bill of complaint and answer. No testimony was taken, and the temporary injunction was refused. The case comes to this court on appeal from that order.

Appellees are lessees of the mineral rights in said lands by virtue of a lease from the heirs of Scroggin, grantor in the right of way deed to appellant. They invoke the rule that a railroad corporation, through right of way deed, does not acquire a fee in the state of Kansas, and that oil, gas, and other minerals beneath the surface belong to the owner of the fee. They contend that the right of a railroad company to the use of its easement is exclusive only to an extent necessary to the safe management and operation of its road. It is asserted that the operations of appellees are conducted at a distance of 100 feet or more from appellant's tracks, as required by chapter 210, § 1, of the Laws of Kansas for 1905. It is pointed out that a third party, the Roxana Petroleum Corporation, owns the mineral leasehold interest on the adjacent land; that the operations of that company will, if appellees are prevented from operating, draw away the oil deposits from the land now occupied by the railroad company; that appellees have already drilled to a depth of approximately 1,600 feet, at a cost of $8,000; that because of this, if restrained, they will lose, not only the amount expended, but also the value of the oil deposits under the right of way. They invoke the rule that in such case the discretion of a trial court in granting or refusing a temporary injunction will ordinarily not be disturbed, where the issues are made and the case can speedily be determined on its merits.

The railroad company appeals to the general rule that a railroad right of way has, as to its use and enjoyment, the attributes of the fee, including perpetuity and exclusive use and possession. This rule is supported by the overwhelming weight of authority. New Mexico v. United States Trust Co., 172 U. S. 171, 19 S. Ct. 128, 43 L. Ed. 407; Bowers v. Atchison, Topeka & Santa Fé R. Co., 119 Kan. 202, 237 P. 913, 42 A. L. R: 228; Western Union Telegraph Co. v. Pennsylvania Railroad Co., 195 U. S. 540–570, 25 S. Ct. 133, 49 L. Ed. 312, 1 Ann. Cas. 517; Missouri Pacific Ry. Co. v. Nebraska, 164 U. S. 403, 17 S. Ct. 130, 41 L. Ed. 489; Dillon v. Railroad Co., 67 Kan. 687, 74 P. 251; Railroad Co. v. Davenport, 102 Kan. 513, 170 P. 993; Railway Co. v. Spaulding, 69 Kan. 431, 77 P. 106, 66 L. R. A. 587, 105 Am. St. Rep. 175, 2 Ann. Cas. 546; Chicago, Great Western Ry. Co. v. Zahner, 145 Minn. 312, 177 N. W. 350, and cases cited.

It will be remembered that the case was heard upon bill and answer. Paragraphs 7 and 8 of the complaint contain the following allegations:

"That all of the above said real estate was acquired for railroad uses and purposes; that it was acquired by deed of conveyance from one Leonard K. Scroggin and Rhoda A. Scroggin, his wife, a true copy of which deed is hereto attached and made a part hereof, marked 'Exhibit A,' said deed being dated April 2, 1911, and duly filed for record in Sumner county, Kansas, June 8, 1911; that on the 14th day of March, 1911, the complainant herein obtained a lease from the Wichita & Midland Valley Railroad Company, a true copy of which lease is hereto attached, marked 'Exhibit B,' and made a part hereof, and that under said lease and under said deed the complainant has at all times maintained and operated its railroad over its said right of way and over its line through the city of Oxford, and has at all times made actual use thereof for railroad purposes in the operation, maintenance, promotion and carrying on of the railroad enterprise thereon and thereat.

"That the lands above described were used by the complainant and its lessor in the construction of a high and extensive fill on which all of said land was excavated and the dirt used therefrom in making said fill for the purpose of carrying its road over another railroad and separating the grades thereof, and continuously, since that time, said land has been used in the maintenance, repair, and the security of the railroad facilities otherwise in use from time to time."

In their answer appellees, defendants below, admitted these allegations, but deny that the part occupied, and sought to be occupied, by appellees was then being used in the operation, maintenance, promotion, and carrying on of the railroad enterprise, or in the maintenance, repair, or security of the railroad facilities of complainant. The holdings of the Supreme Court of Kansas are not entirely consistent upon the point in controversy; but from the pleadings it is obvious that an issue was framed, which, if resolved in favor of complainant, would bring appellant under protection of the rule announced

in all the Kansas cases. However, we are of opinion, that the question is one of general law, not controlled by the decisions of the courts of the state. This conclusion has been reached by this court in a case substantially identical as to fact. Midland Valley Railroad Co. v. Sutter et al., 28 F.(2d) 163. We concur in the very able opinion of Judge Phillips in that case, and adopt the analysis made and conclusion reached without unnecessary discussion and citation of authority. However, it may be added, that, in our judgment, the presence of oil wells and derricks, even so far as one hundred feet from a railroad track, constitute a constant menace and source of danger to the railroad and traveling public. The necessity of immediate use is not essential to preserve the rights of the railroad. As said in the cases, it can never be stated with certainty at what time any particular part of a right of way may become necessary for railroad uses. In territories where oil may be expected to be found, it is clear attempted encroachments upon rights of way would be numerous. Railroad transportation cannot be embarrassed by such conditions.

It is true that this case comes before us only upon appeal from an order refusing a temporary injunction, that the case was heard upon bill and answer, and without the introduction of testimony; however, the real merits in matters of law are as fully presented as they could be in any final hearing. Our conclusion is that the appellant is entitled to the relief prayed. Goltra v. Weeks, 271 U. S. 536, 46 S. Ct. 613, 70 L. Ed. 1074.

The decree below is reversed, and the cause remanded to the District Court for further proceedings in conformity with this opinion.