STEVENSON *et al.* v. HUMBLE OIL & REFINING CO. et al.

No. 6145.

Court of Civil Appeals of Texas. Texarkana.

Feb. 7, 1945.

Rehearing Denied Feb. 22, 1945.

Guy R. Holcomb, of Austin, and Pollard & Lawrence and W. Dewey Lawrence, all of Tyler, for appellants.

Jones & Jones, of Mineola, Bibb & Bibb, of Marshall, Dillard Baker, Robt. F. Higgins, Rex G. Baker, and R. E. Seagler, all of Houston, J. T. Suggs and M. E. Clinton, both of Dallas, and Grover Sellers, of Austin, for appellees.

HARVEY, Justice.

Three suits were filed in the District Court of Wood County, Texas, against the Texas & Pacific Railway Company, and others, in each of which the respective plaintiffs sought to be adjudged owners of mineral leases upon three strips of land embraced within the limits of the Texas & Pacific Railway Company's 200-foot right of way, a part of the George Brewer Survey in Wood County, under the terms of Article 5421c, Vernon's Revised Civil Statutes of Texas, 1936, upon the theory that such strips were vacant and unsurveyed land, and by such suits sought to secure an adjudication of forfeiture to the title to the land to the State of Texas. The plaintiffs sued in their individual capacity, and pursuant to statutory provisions, the State of Texas was made a party to the suits. No affirmative relief was sought by the State, which instead filed a pleading admitting that the title to the land was

vested in the defendants and that the land in question was not vacant school land. The cases were consolidated, tried to the court without a jury, and judgment was entered denying any relief to the plaintiffs, appellants herein, from which judgment they have appealed.

The record discloses that the Texas & Pacific Railway Company about the year 1873 purchased the land in controversy from grantees of the heirs of George Brewer, and since about the year of its purchase has operated continuously its railroad upon and along the 200-foot right of way of which the three strips sued for are a part. Article 6342 of the statutes provides that all lands acquired by railroad companies under the provisions of Chapter 7, of which said Article is a part, or of any general law, shall be alienated by said companies, one-half in six years and one-half in twelve years from the issuance of patents to the same, and unless so alienated within such time shall be forfeited to the State and become a part of the public domain and liable to location as other unappropriated lands. Also, all lands purchased by railroads, except such as are used for certain specified purposes, shall be alienated and disposed of by said railroads in the same manner and time as is required when lands have been received from the State. Article 6319 gives to railroads the authority to lay out a right of way not exceeding 200 feet in width, and they are authorized by Article 6336 to acquire by condemnation proceedings such lands as may be necessary for the proper operation of their business. This latter article also specifies that the limitation in width prescribed by Article 6319 shall not be applicable to lands acquired for purposes other than for right of way.

■■■ It is clear from these articles that Article 6342 providing for a forfeiture of its land by a railroad company by reason of non-use is not applicable to the 200-foot right of way permitted under these laws so long as such right of way is used in the operating of trains along such right of way. By legislative enactment, which has sound considerations of public safety as its basis, it has been decreed that 200 feet under ordinary circumstances is the proper width for a railroad right of way, and by reason thereof we do not think that railroads can be restricted to the use of a lesser width. Constructively, the use of the entire 200-foot width is included by reason of the operation of trains over and along any portion of such right of way. If this were not true and the forfeiture statute should apply, just where would be the point at which the non-use would begin, and how would such fact be established? Would the limit of the land forfeited begin at the end of the cross-ties, five feet away, 50 feet, or just at what point? We do not think it was contemplated by the forfeiture statute that it should apply to the railroad right of way itself, which by implication is excepted from the provisions of such statute. Authority for this view is found in the cases of Croley v. St. Louis Southwestern R. Co. of Texas, Tex.Civ.App., 56 S.W. 615, and Midland Valley R. Co. v. Jarvis et al., 8 Cir., 29 F.2d 539, 61 A.L.R. 1064.

■■■ In his findings of fact the trial judge found that on May 23, 1943, a suit styled G. C. Schoonmaker v. The Texas & Pacific Railway Company et al., was filed in the District Court of the United States for the Eastern District of Texas, Tyler Division, Civil Action No. 419, based upon Article 5421c, Vernon's Texas Civil Statutes, involving the same land embraced in the instant suit, and seeking a forfeiture of said land to the State of Texas, which was a party to the suit. Also, that the issues in that cause were identical with the ones herein involved, with the exception of the defense of res judicata, which was not involved in the Schoonmaker case. On motion of the defendant in that case, the court dismissed the complaint with prejudice, from which order no appeal was taken. We think the order in that case is res judicata of the case we now have under consideration. Appellants, being in privity with the State of Texas, can acquire no greater title than the State has. It having been judicially determined that there was no vacancy, and no title in the State of Texas, it follows as a matter of course that appellants cannot recover something which does not exist. To hold otherwise would make it possible for title to be divested out of the State in one suit, and in another suit by a different party, based upon the same issues, to have title invested in the State. This would create quite an anomalous situation, to say the least. Too, the number of potential suits that would be made possible by such a holding would be practically limitless. See Jefferson Electric Co. v. Sola Electric Co., 7 Cir., 122 F.2d 124; Tompkins et al. v. Hooker et

al., Tex.Civ.App., 200 S.W. 193; 30 Am.Jur. p. 920, sec. 178.

With reference to the point presented by the appellees that appellants were without legal capacity to maintain their cause of action as plaintiffs below, it seems to be well settled in Texas that only the State through its proper officials can maintain a suit to forfeit land to the State, and that individuals suing in their private capacity cannot maintain such suits. Staacke et al. v. Routledge, 111 Tex. 489, 241 S.W. 994; Atlas Petroleum Corporation v. Galveston H. & S. A. R. Co., Tex.Civ.App., 5 S.W.2d 215, and numerous authorities cited.

There being no error presented on this appeal, the judgment of the district court is affirmed.