THE CHICAGO, KANSAS & NEBRASKA RAILWAY COM-
PANY V. ERNEST BROQUET.

47    571
79    546

47    571
81    117

1. EMINENT DOMAIN—*Appeal—Evidence.* Upon an appeal from a pro-
ceeding to condemn a right-of-way for 'a railroad, testimony of the
amount awarded by the commissioners is not admissible in evidence,
and a statement made by the court in its charge to the jury, inform-
ing them of the amount so awarded by the commissioners, is unwar-
ranted and erroneous.

2. ———— *Measure of Damages.* The measure of damages in such a
case is the difference between the market value of the tract from
which the right-of-way is taken immediately before and after the
time when the land was actually condemned and appropriated.

3. STATEMENT OF COURT—*Prejudicial Error.* One of the controverted
questions on the trial of the appeal was the owenership of the land
taken. Before the trial the railway company made a written offer to
allow judgment to be taken against it in favor of B. for $1,000 and
costs. The offer was not accepted, and the parties proceeded to trial.
After the evidence had been offered and the charge of the court had
been given, the court stated in the presence and hearing of the jury
that "the Chicago, Kansas & Nebraska Railway Company has filed
a paper in this case in which it recognizes Ernest Broquet as de-
fendant or party in interest herein, and in which it made a certain
offer to settle with said Broquet for damages to the land in ques-
tion." *Held,* That, under the issues and circumstances of this case,
the making of the statement was prejudicial error.

*Error from Norton District Court.*

CONDEMNATION PROCEEDING. Judgment for defendant,
*Broquet,* September 12, 1888. The plaintiff *Railway Com-
pany* brings the case here. The facts appear in the opinion.

*M. A. Low,* and *W. F. Evans,* for plaintiff in error.

*John R. Hamilton,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an appeal from a condemnation
proceeding instituted by the Chicago, Kansas & Nebraska
Railway Company to obtain a right-of-way for its railroad
through lands in Norton county. The commissioners con-

demned a right-of-way through a 10-acre tract of land, and the quantity deemed necessary for the route, and which was taken, was $1\frac{79}{100}$ acres. The land taken was valued by the commissioners at $1,200, and they assessed damages to the $8\frac{21}{100}$ acres not taken at $300. The commissioners were unable to ascertain who were the owners of the land, and made an award to "unknown owners" of $1,500. The report of the commissioners was filed on December 16, 1887, and on December 19, 1887, the railway company took an appeal from the award. On April 10, 1888, Ernest Broquet filed a petition in the appeal, setting up title to the land in himself, and asking for damages in the sum of $3,000. This petition was stricken from the files by the court, and the reason for this action does not clearly appear from the record. It appears that Ernest Broquet, at his own request, was made a party defendant, and W. H. Boys was also treated as a defendant, and was represented by an attorney appointed at the instance of the court, but the reason for this appointment is not shown by the record. The cause was tried with a jury, and a verdict was returned in favor of Ernest Broquet, awarding him the sum of $1,683.41.

Errors are assigned on the rulings of the court in charging the jury. There were two controverted questions submitted to the jury: one was as to the ownership of the land at the time of its appropriation, and the other was as to the amount of damages suffered by the owner or owners. In one of the instructions, the court stated to the jury the amount awarded by the commissioners for the land taken and for the resulting damages to the part not taken. The award made by the commissioners was not admissible in evidence, and the court was not warranted in presenting the amount of the allowance as a fact to the jury. When an appeal is taken, the case is tried *de novo* upon new evidence, and the award of the commissioners is no more competent than would be the former verdict of the jury upon an appeal from a justice of the peace to the district court. It is only the opinion of the commissioners as to the damages sustained, and the statement of the

amount awarded by them is hearsay evidence, which is not admissible, whether stated by a witness or by the court in its charge. (*Railroad Co. v. Dwelle*, 44 Kas. 509.) We are referred to *Railroad Co. v. Kuhn*, 38 Kas. 104, as justifying this instruction; but in that case the court did not inform the jury what the amount of the award was; it only gave a rule for the computation of interest, stating that if an award of damages greater than a certain sum was allowed, interest should be awarded; otherwise, none should be allowed. The sum mentioned was the amount allowed by the commissioners, but this fact was not called to the attention of the jury. In this case the amount was not given as a basis for calculating interest, but was a flat statement of what the commissioners deemed to be a proper allowance for the land taken and the damages done.

There is also a complaint as to the rule given for the measurement of damages. In fixing the time for the valuation of the land, the court mentioned January 20, 1888, whereas in another place it is said, and the record shows, that the land was condemned and appropriated December 16, 1887. The compensation should be ascertained and the damages assessed as of the time when the property was actually appropriated, and the correct measure of damages was the difference between the market value of the tract through which the right-of-way was laid immediately before and immediately after the time when the property was actually taken. There is some confusion in the evidence, as well as in the charge of the court, with respect to when the right-of-way was condemned and appropriated. While this error of itself might not have been sufficient to reverse the judgment, it should be corrected if another trial is had, as the value of property might greatly change in the period between December 16, 1887, and January 20, 1888.

Error is also assigned on remarks made by the court in the hearing and presence of the jury, with respect to an offer of compromise. The railway company made an offer to allow judgment to be taken against it in favor of Broquet for $1,000, and costs. This offer was not accepted by Broquet,

and they afterward proceeded to trial, and one of the principal grounds of contention was that Broquet was not the owner of the land.  Testimony was offered upon that question, and a special interrogatory was submitted to the jury with reference to the fact, and the court instructed the jury that the burden of proof was upon Broquet to show that he was the owner of the land on December 16, 1887, and unless they found him to be the owner at that time, the verdict must be for the railway company.  Notwithstanding this, the court stated in the presence of the jury that "the Chicago, Kansas & Nebraska Railway Company has filed a paper in this case in which it recognizes Ernest Broquet as defendant or party in interest herein, and in which it made a certain offer to settle with said Broquet for damages to the land in question."  As the offer of compromise was not accepted, it could not be given in evidence, and should not have been mentioned on the trial.  (Civil Code, §§ 523, 528.)  In view of the issue which had been presented as to the right of Broquet to any damages, and the testimony given tending to show ownership in another, the statement made by the court, that the company had by its written proposal to allow a judgment recognized Ernest Broquet as an owner, and had made an offer to compromise with him, was prejudicial error.

For the errors mentioned the judgment will be reversed, and cause remanded for a new trial.

All the Justices concurring.