THE MISSOURI, KANSAS & NORTHWESTERN RAILROAD
COMPANY v. GABRIEL SCHMUCK et al.

No. 13,506. (76 Pac. 836.)

SYLLABUS BY THE COURT.

1. RAILROADS— *Condemnation Proceedings — Pleading upon
Appeal from the Award.* Where a bill of particulars has been
filed in an action upon appeal from the award of commissioners
assessing damages for the condemnation of a right of way for a
railroad, it is not error to deny a motion to make such bill of
particulars more definite and certain, even if it, in this respect,
be not as perfect as an ordinary petition should be, provided it
is not misleading.

2. ———— *Right to Take Subjacent Minerals is in Owner of Fee,
Except when Necessary for Support.* By statutory proceed-
ings to condemn a right of way for the construction of a railroad
only an easement for that purpose is taken. There remains in
the owner the fee to the premises, with a right to take all sub-
jacent minerals therefrom, except such as may be necessary for
surface support.

3. ———— *Value in Subjacent Minerals — Erroneous Instruc-
tion.* In case of condemnation of a right of way for a railroad,
where the value of the land condemned consists chiefly in the
minerals found beneath its surface, it is error for the court to in-
struct the jury that the measure of damages to the owner for its
taking is its fair market value.

Error from Cherokee district court; A. H. SKID-
MORE, judge. Opinion filed May 7, 1904. Reversed.

*T. N. Sedgwick,* and *Blue & Hamilton,* for plaintiff in
error.

*Edward E. Sapp,* for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: This action was upon appeal
from the award of commissioners in an assessment of
damages for the condemnation of a right of way for a
railroad. The plaintiffs below filed their bill of par-
ticulars, alleging in general terms the facts of the

taking of the land for the purpose of constructing a railroad across it, and their damages thereby in two items, which were deprivation of the lands taken and injury to the balance of the tract.   The railroad company asked the court to require this bill of particulars to be made more definite and certain by showing in what way the remaining part of the tract was rendered less valuable by reason of the construction of the railroad over and across it, and whether the damages so complained of were by reason of interfering with the use of the land for farming or mining or other purposes, or for the destruction of, or injury to, mining-shafts thereon.   This request was denied, which affords ground for the first assignment of error.

The plaintiff was not required to file any bill of particulars.   The matter of the filing of the same was wholly within the discretion of the court.   (*K. C. W. & N. W. Rld. Co. v. Kennedy*, 49 Kan. 19, 30 Pac. 126.)   This being true, the single fact that a bill of particulars was voluntarily filed by the plaintiffs would not require the court to compel the pleader to make such bill of particulars specific and certain in all of the minute details which might be desirable in ordinary pleadings.   In this respect, as well as in the matter of filing, discretion was still reposed in the court.   Of course, a bill of particulars so filed would not be permitted to remain in a misleading or questionable condition; if it were, the denial of such motion might be an abuse of discretion.   Such is not the case here.

It is further complained that the theory of the trial court in presenting the issue, to wit, the amount of damage suffered by the owner of the land by reason of the taking, as presented to the jury by the instructions, was misconceived, or, at least, not fairly

18—69 KAN.

and fully presented. The bill of particulars alleged that the land sought to be appropriated was used for mining purposes, and the evidence clearly and without contradiction showed that practically its entire value consisted of the minerals lying from 50 to 100 feet or more beneath the surface. The evidence to a degree presented the issue whether these minerals might not to a large extent be removed from the right of way without interfering with the right of the company to use it as such right of way. The issue thus presented was to what extent the condemning of an easement for the purposes of a right of way for the railroad actually damaged the owner, in relation to the sole value of the land, to wit, its mining privileges. The only instructions given by the court to aid the jury in arriving at the proper measure of damage under these circumstances were as follows :

"In ascertaining and determining the damages which you will allow the plaintiffs for the land appropriated, the inquiry will be as to the strip taken, to which your attention has heretofore been directed, being 100 feet in width and of length as you may determine the fact to be from the evidence in the case ; and the measure of damages is the fair market value of the property so taken and appropriated by the railroad company, and the sum allowed for damage, if any, resulting to the remainder of the tract of land in controversy by reason of the condemnation and appropriation of the land so taken by the railroad company."

"In arriving at your verdict in this case you should determine, first, what was the fair, reasonable market value of the land condemned and appropriated by the defendant on the premises in controversy, so far as the same is involved in this suit, and what was the fair, reasonable market value of the strip of land containing 3.57 acres of land. You have heard the testimony of the several witnesses as to the value of such

strip of ground, and it is for you to determine, in the light of the preponderence of the evidence, what such value was at the time of the appropriation, namely, October 26, 1901.''

''In determining what amount of damages you will award and allow the plaintiffs for the land appropriated, and any damages awarded and allowed for injury to the remainder by reason of such appropriation, you will consider what was the fair market value of the land taken, at the time of taking the same.''

The correctness of these instructions is challenged ; especially so, as applied to the facts of this case. It will be seen that the court proceeded in the matter of submitting the question of the plaintiff's damages upon the theory that the permanent taking of the strip of land in question for the right of way for the railroad practically amounted to a complete and permanent deprivation of all the rights of the plaintiff therein and of the beneficial use thereof. This theory is ordinarily the correct one, or so closely approaches it that its adoption is not material error, because the beneficial use of lands is commonly found solely in the surface thereof.

Theoretically, of course, the condemnation creates but a servitude and leaves the fee in the owner ; but generally, where by virtue of the power of eminent domain the right is acquired to occupy and use the surface of the land perpetually for a given purpose, the bare fee left in the owner is valueless for all practical purposes, and it is not error to assess the damages as though the fee were taken. (10 A. & E. Encycl. of L., 2d ed., 1150.) So in *C. K. & W. Rld. Co. v. Parsons*, 51 Kan. 408, 32 Pac. 1083, it was held that the damages occasioned by the taking may be determined by ascertaining the cash market value of the property actually taken. Yet it cannot be denied that gen-

erally the more accurate rule was laid down in *W. & W. Rld. Co. v. Kuhn,* 38 Kan. 104, 16 Pac. 75, as follows : "The measure of damage caused by the appropriation of a right of way by a railroad is the difference in value before the appropriation and immediately thereafter." (See, also, *A. T. & Santa Fe Rld. Co. v. Blackshire,* 10 Kan. 477 ; *K. C. Rly. Co. v. Allen,* 24 Kan. 33.) This rule leaves open to the consideration of the jury in estimating damages not only all of the surrounding circumstances connected with the surface going to enhance damages, but all of the elements remaining with the fee going in mitigation.

Here, as we have seen, the value of the land occupied depended upon the minerals therein found below grade-line. By the condemnation the railroad company obtained no right to remove or appropriate any portion of them ; they all remained the property of the owner of the fee. The company not only obtained the right to construct its road over the land, making such cuts and embankments as were necessary for that purpose, but it also obtained the right to surface support. To this end the owner of the fee may not remove any of the subjacent strata necessary thereto, but, subject to this right of surface support, he may remove all of such subjacent matter. (See Barr. & Ad. L. of Mines & M. 186; Mills, Emi. Dom., §52; 10 A. & E. Encycl. of L., 2d ed., 1199, and cases there cited ; *Evans v. Haefner,* 29 Mo. 141; *Robert et al. v. Sadler et al.,* 104 N. Y. 229, 58 Am. Rep. 498 ; *Kelley, &c., v. Donahoe, &c.,* 59 Ky. 482; *K. C. Rly. Co. v. Allen,* 22 Kan. 285, 31 Am. Rep. 190 ; *Earlywine v. T. S. & W. Rly. Co.,* 43 id. 746, 23 Pac. 940.)

In this case, notwithstanding the condemnation of the right of way, the owners of the fee owned every bit of mineral thereunder, and had the right to mine

Railroad Co. v. Schmuck.

and remove all that could be taken and yet leave adequate support. To the extent that this could be done it leaves in the fee-owner a valuable right which reduces by so much the damages which ordinarily follow the condemnation of lands where only surface conditions exist. Evidence as to the value of this right was introduced. It was an element in the determination of the plaintiffs' damages by way of mitigation, which ought to have been submitted by proper instructions to the jury. The railroad company ought not to be required to pay for all the mineral, if a portion, or all of it, could be properly and profitably removed. That under the instructions the jury estimated plaintiffs' damages as though the railroad company were becoming the absolute owner of the right of way and all beneath it seems highly probable from the fact that the damages for the taking of 3.57 acres of land, valuable only for mining purposes, were assessed at $1600.

There can be but little doubt that the court's instruction to the jury to allow as damages the fair market value of the land, taken with the popular impression that by a condemnation the owner is deprived, not merely of the surface, but of everything else above and below, led the jury to give no thought whatever to the right remaining in the owner to remove the mineral below the grade-line. As applied to the facts of this case, we are of the opinion that the court committed prejudicial error in not stating to the jury the correct measure of damages.

The judgment will be reversed, and the case remanded for a new trial.

All the Justices concurring.