The Missouri, Kansas & Northwestern Railroad
Company v. Gabriel Schmuck *et al.*

No. 15,609.   (100 Pac. 282.)

Condemnation Proceedings—*Railroad Right of Way—Appeal
from Award—Measure of Damages.*  Where a landowner ap-
pealed from the award in proceedings to condemn land for a
railroad right of way a judgment in his favor was affirmed.

Error from Crawford district court; Arthur Ful-
ler, judge.  Opinion filed February 6, 1909.  Affirmed.

*John Madden,* and *W. W. Brown,* for plaintiff in
error.

· *Edward E. Sapp,* for defendants in error.

*Per Curiam:*  The appeal from the condemnation
proceedings vacated the assessment and brought the
whole controversy before the district court for a trial
*de novo,* so that all the damages occasioned by the ap-
propriation were within the issues, irrespective of any
averment in the bill of particulars.  (*Reisner v. Union
Depot & Rld. Co.,* 27 Kan. 382.)

No statute of limitations could bar the right of the
landowner to recover any actual damages to his land,
provided his appeal was taken within the statutory
time.

The mining shafts were permanent improvements on
the land and were immovable.  They were located with-
in the right of way appropriated by the railroad com-
pany, and it was proper to take their value into con-
sideration in assessing the damages sustained by rea-
son of the appropriation.

The landowner can not recover his damages by piece-
meal.  In many cases appeals are taken and tried be-
fore the railroad is actually built, and it would be im-
possible for him to prove whether the railroad com-
pany intended to use every foot of its right of way or

35—79 kan.

only the part occupied by its main track. The instructions asked in respect of the right of the landowner to concurrent occupancy of the right of way were properly refused. (*Mo. Pac. Rly. Co. v. Manson,* 31 Kan. 337, 2 Pac. 800; *Dillon v. Railroad Co.,* 67 Kan. 687, 74 Pac. 251; *Railway Co. v. Spaulding,* 69 Kan. 431, 77 Pac. 106, 66 L. R. A. 587, 105 Am. St. Rep. 175.)

The jury found, and it is conceded, that the land was valuable for mining purposes only, and had no value for any other purpose. Therefore, the fact that a portion of the tract was separated from the rest by the right of way of another railroad did not affect the right of the owner to recover damages for the whole tract, because he had the right to mine and run drifts under the other right of way, and for mining purposes the two pieces of land could be used as one tract. (*K. C. E. & S. Rld. Co. v. Merrill,* 25 Kan. 421, and cases cited.) The court properly instructed the jury as to the measure of damages. (*C. K. & N. Rly. Co. v. Broquet,* 47 Kan. 571, 28 Pac. 717; *Railroad Co. v. Peet Mfg. Co.,* 58 Kan. 197, 48 Pac. 860; *Railroad Co. v. Schmuck,* 69 Kan. 272, 76 Pac. 836.)

While the witnesses varied greatly in their estimates of the amount of damages, the jury awarded a sum considerably less than the lowest estimate made by the plaintiffs' witnesses, and there was ample evidence to sustain the verdict.

We find no error in the record, and the judgment is affirmed.