## STATE OF KANSAS

### JULY TERM, 1920

*PRESENT:*

HON. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. SILAS W. PORTER,
HON. JUDSON S. WEST, } JUSTICES.
HON. JOHN MARSHALL,
HON. JOHN S. DAWSON,

No. 22,252.

BEN A. WOOD (et al.), *Appellee*, V. SYRACUSE SCHOOL DISTRICT No. 1, *Appellant.*

No. 22,254.

BEN A. WOOD et al. (WILLARD G. MINOR, *Appellee*), V. SYRACUSE SCHOOL DISTRICT No. 1, *Appellant.*

No. 22,255.

BEN A. WOOD et al. (KATHRYN RIGDON, *Appellee*), V. SYRACUSE SCHOOL DISTRICT No. 1, *Appellant.*

SYLLABUS BY THE COURT.

1. CONDEMNATION PROCEEDINGS—*For Additional School Site—Measure of Damages.* The owner of lands appropriated for public use is entitled to "full compensation," which is measured by the difference between the value of the lands before and immediately after their appropriation.

2. SAME—*Appeal—Measure of Damages—Expressions Used in Instructions Not Improper.* On an appeal from an award of appraisers to assess the damages for lands taken for an additional school site, the witnesses who testified to the value of the lands used the terms "actual value," "market value" and "fair or reasonable value," as equivalent expressions, and the court did likewise in an instruction. *Held, the* instruction was proper.

3. APPEAL—*What the Abstract of the Record Should Contain—Rule 5 of the Rules of the Supreme Court Should Be Followed.* All exceptions are abolished by the amended code of 1909. Even in those cases where the trial court permits the practice of saving exceptions to rulings, the exceptions should not be reproduced in the abstract. The substance of the testimony on the material points only should be stated and in most instances, the substance can best be stated in the narrative form. The continued violation of rule 5 with relation to abstracts may require the dismissal of appeals or the striking of the abstracts from the files.

Appeals from Hamilton district court; ALBERT WATKINS, judge *pro tem.* Opinion filed December 11, 1920. Affirmed.

*George Getty,* of Syracuse, for the appellant.

*L. A. Madison,* and *Carl Van Riper,* both of Dodge City, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The school district instituted proceedings to condemn property for an additional school site and playgrounds. Among the owners of the land taken are the appellees, who were dissatisfied with the award of the commissioners and appealed to the district court where the cases were consolidated and trial had before a jury, resulting in a verdict for damages for larger amounts than the commissioners had allowed. The school board brings the cases here for review and assigns a number of errors.

An examination of the record confirms the impression which the court gained at the oral argument, which was that none of the matters complained of are of sufficient importance to warrant a reversal. The appellant objected to any testimony until the appellees should produce evidence to show that they were the owners of the several tracts of land. The court inquired if the money had been paid to the county treasurer by the school board for the use of these particular persons, and being assured by the attorney for the board that the money had been paid for that purpose, overruled the objection, holding that the proceedings having been instituted by the board, the question of ownership could not be raised at that time. The one issue brought to the district court was the value of the lands taken. Besides, there is no contention that the appellees were not the

owners of the property.   The objection to the testimony was
properly overruled.

There was no error in the refusal to strike out the evidence
with reference to the description of the lots and tracts of land
involved, upon appellant's theory that the report of the con-
demnation proceedings was the best evidence.   Aside from the
fact that there was no dispute over the description of the
lands, the evidence respecting the location of the lots was pre-
liminary for the purpose of showing the value.

The admission of testimony showing that there were val-
uable deposits of gravel on some of the lands was not error.   It
has been held that in order to determine the market value of
the land taken any legitimate use to which it may be applied,
including that which is most advantageous to the owner, may
properly be considered.   (*Railway Co. v. Weidenmann,* 77
Kan. 300, 94 Pac. 146; *McKnight v. Wichita,* 83 Kan. 7, 109
Pac. 994.)   Evidence showing recent sales of similar property
in the same location was competent as having some bearing on
the question of the value of the property involved.

It is insisted that the instructions confused the jury because
in some the court referred to "market value," in others to
"fair" or "reasonable value"; that there is a distinction be-
tween "reasonable value" and "market value," and that the
first expression is not so broad as the latter.   The appellant
assumes that the only thing the jury could consider was the
"market value," whereas that is merely one of several elements.
The constitution, section 4, article 12, declares that no right of
way shall be appropriated to the use of any corporation until
"full compensation" therefor be first made in money, or se-
cured by deposit, etc.   It makes no mention of "market value,"
and an examination of all the statutes providing for the appro-
priation of private property for public use fails to disclose any
reference to "market value."   The statute which authorizes
foreign corporations to appropriate land for a water plant pro-
vides that the commissioners shall determine "the value of the
land, crops, buildings, and other improvements" and "all other
damages sustained," etc.   (Gen. Stat. 1915, § 2206.)   The stat-
ute authorizing the condemnation of lands for railroads pro-
vides that the commissioners shall "appraise the value" of the
land taken and the "damages thereto."   (Gen. Stat. 1915,

§ 2188.) The statute giving cities of the second class power to exercise the right of eminent domain provides that the city shall make the person whose property shall be taken or injured "adequate compensation" therefor (Gen. Stat. 1915, § 1745), and the statute relating to the appropriation of lands for school purposes provides for condemning and appraising the "value" of the site so selected. (Laws 1917, ch. 273, § 1.) Where a school building has been erected upon a site to which the district had not the title, the land may be condemned and the commissioners are required to appraise the land "at its value." (Gen. Stat. 1915, § 8917.) So that we have the statutes speaking of the "value" and "adequate compensation," but nowhere referring either to "reasonable value" or to "market value," while the constitution speaks of the same thing as "full compensation." Bouvier's Law Dictionary (Rawle's 3d Rev.), in defining "value," says:

"As used in reference to lands taken under eminent domain, it is a relative term, depending on the circumstances. Salable value, actual value, and cash value all mean the same thing and are designed to effect the same purpose." (p. 3387.)

In some of the decisions, as in *C. K. & N. Rly. Co. v. Broquet,* 47 Kan. 571, 28 Pac. 717, and in *C. K. & W. Rld. Co. v. Parsons,* 51 Kan. 408, 32 Pac. 1083, it has been held that the damages may be determined by ascertaining the difference between the cash market value of the property before, and immediately after its appropriation, but in *Railroad Co. v. Schmuck,* 69 Kan. 272, 275, 76 Pac. 836, it was said:

"Yet it cannot be denied that generally the more accurate rule was laid down in *W. & W. Rld. Co. v. Kuhn,* 38 Kan. 104, 16 Pac. 75, as follows: 'The measure of damage caused by the appropriation of a right of way by a railroad is the difference in value before the appropriation and immediately thereafter.'"

In the case just cited the judgment was reversed and a new trial ordered because the court had given an instruction to allow as damages the fair market value of the land, and the value of the land consisted chiefly in the minerals found beneath its surface, and evidence as to the value of this right had been offered to show an element in mitigation of damages. It is hardly conceivable, in the present cases, that the jury was misled by the fact that the witnesses and the court spoke of the "actual" and "reasonable value" and of "market value." The

jury understood that it was to find the difference, if any, between the value of the lands before and immediately after they were appropriated.

What purports in these cases to be an abstract is instead a transcript setting forth everything that transpired in taking the testimony. After each ruling adverse to the appellant there appears the following statement: "To which ruling of the court the defendant at the time duly excepted." It is no longer necessary for the party against whom a ruling is made to save an exception. The revised code does away with all exceptions and it is sufficient for the record to show that the ruling complained of was made over the appellant's objection. The practice of saving exceptions not only serves no useful purpose, but it prolongs the trial of a case and encumbers the record; and even where the trial court has permitted the practice no reference should be made to exceptions in the abstract. Labeling a transcript of the evidence an "Abstract" cannot make it one. The substance of the testimony on the material points only should be stated, and in most instances it will be found that the substance can best be stated in the narrative form, thus avoiding the useless repetition of questions and answers. Of course, there will be occasional instances where the exact language of some question or answer becomes material for a proper review of a ruling. The old case-made was abolished and the abstract substituted to simplify the record and to lighten the labors of the court and counsel, by enabling counsel the more easily to present, and the court the more readily to grasp, the real issues presented by the appeal. The court may be compelled to adopt what might seem the harsh measure of dismissing an appeal or striking from the record the abstract where the rule is violated.

In these cases the judgments are affirmed.