No. 24,120.

CHARLES E. SCHAFF, as Receiver of the MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant, v.* J. Q. ROBERTS et al., as County Commissioners of the County of Labette, W. W. BARNARD, as County Clerk, and MABEL HUNTER, as County Treasurer, *Appellees.*

SYLLABUS BY THE COURT.

1. IMPROVEMENT OF COUNTY ROADS—*Railroad Right of Way Properly Assessed to Aid in Costs of Construction of Hard-surfaced Road.* Under chapter 246 of the Laws of 1919 as amended by chapter 218 of the Laws of 1921 the right of way of a railroad company may be assessed as other "real property and the improvements thereon" for its proportionate share of the cost of constructing a hard-surfaced road.

2. SAME—*Method of Assessment of Railroad Right of Way.* The board of county commissioners in making an assessment against the property of a railroad company in a benefit district for the cost of constructing a hard-surfaced road should follow the same general method as is followed with reference to other property which is liable for its proportionate part of such cost.

3. SAME—*State Tax Commission's Valuation of Railroad Property—Improper basis of Valuation for Costs of Road Improvements.* Since all railroad property, real, personal and mixed, is classed as personal property for the purpose of general taxation, the state tax commission's valuation of all such property constructively within the limits of a road benefit district is not a proper basis for fixing the valuation of a railway company's "real property and improvements thereon," actually within such road benefit district, for the purpose of assessment to pay the cost of constructing a hard-surfaced road.

4. SAME—*Costs of Road Improvements—Statute Does Not Authorize an Assessment on Personal Property.* Chapter 246 of the Laws of 1919, as amended by chapter 218 of the Laws of 1921, does not authorize the levying of an assessment on personal property for the construction of a hard-surfaced road; and the levying of an assessment on the rolling stock and other personal assets of a railroad company for such a purpose will be enjoined.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed May 12, 1923. Reversed.

*W. W. Brown, O. T. Atherton, E. L. Burton,* and *A. G. Armstrong,* all of Parsons, for the appellants.

*C. B. Griffith,* attorney-general, *Payne H. Ratner,* county attorney, and *C. J. Taylor,* of Parsons, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: This was an action to enjoin a special assessment for the construction of a hard-surfaced road. A demurrer to plaintiff's petition was sustained and the injunction refused. The plaintiff appeals. Two principal questions are presented.

First.—Whether the right of way of a railroad is "lands" or "real property" within the meaning of chapter 246 of the Laws of 1919 as amended by chapter 218 of the Laws of 1921.

Second.—Whether the board of county commissioners may adopt the valuation of railroad property made by the state tax commission as a basis for fixing such assessment.

1. The pertinent part of section 2 of chapter 218 of the Laws of 1921, under which the assessment was made, is "The county commissioners shall . . . apportion the cost—twenty-five per cent among the several tracts of land within the benefit district . . . according to the benefits accuring to the real property and improvements thereon within the limits . . ."

The plaintiff contends that the phrases "tracts of land" and "real property" as used in the statute do not apply to the right of way of a railroad. It invokes the rule announced in *Railroad Co. v. Nyce*, 61 Kan. 394, 59 Pac. 1040, that,

"Improvements placed upon real estate by a railroad company, necessary to the operation of the road, are to be regarded as trade fixtures and not accessories of the land to which they are attached." (syl. ¶ 4.)

The question involved in the Nyce case was whether a mortgagee of the land, on which the railroad company had later acquired a right of way, might subject the property of the railroad company located thereon to payment of his mortgage lien. It was also held in that case,

"A railway corporation is in one sense a public agency. It possesses the sovereign power of eminent domain conferred by reason of the benefits derived by the people of the state from the operation of the road. To permit a part of the roadbed and track to pass by sheriff's sale to an individual, with absolute domain and ownership in the purchaser, would destroy it as an instrument of commerce, take away all power of regulation or control by the state, and divert it from the purposes for which it was built." (Syl. ¶ 5.)

The principle applied to the facts in that case has no application to the facts here.

Plaintiff also argues that its property is exempt under the pro-

visions of section 11150 of the General Statutes of 1915, which provides that

"The term 'personal property' shall include every tangible thing which is the subject of ownership, not forming a part or parcel of real property . . . and also all 'property' owned, leased, used, occupied or employed by any railway or telegraph company or corporation within this state, situate on the right of way of any railway . . ."

By the enactment of section 11150, the legislature merely defined terms as they were used in that act, which relates to general taxation. Such provision cannot be invoked to relieve plaintiff's "lands and improvements thereon" from the special assessment for road purposes as provided for in chapter 218 of the Laws of 1921.

Urging that its right of way is but an easement, plaintiff also invokes the rule laid down in *Abercrombie v. Simmons,* 71 Kan. 538, 81 Pac. 194, that,

"An instrument which is in form a general warranty deed conveying a strip of land to a railroad company for a right of way, will not vest an absolute title in the railroad company, but the interest conveyed is limited by the use for which the land is acquired, and when that use is abandoned the property will revert to the adjoining owner." (Syl. ¶ 3.)

Although it argues that its right of way is but an easement, it alleges in its petition that it "is the legal and equitable owner of the property . . . 124.82 acres, constituting plaintiff's right of way, which is owned for the purpose of operating a railroad thereon." We think, however, it is unimportant by what kind of title it holds the property. Any interest in the land, however small, is sufficient. (*Clarke v. Lawrence,* 75 Kan. 26, 88 Pac. 735.) Plaintiff has been in possession of the land in question for many years. It is a part of a great railroad system. Its right of way may be said to be perpetual. It has been appropriated for all time to come. For all practical purposes it is the owner. The eighth subdivision of section 10973 of the General Statutes of 1915 reads as follows:

"The word 'land,' and the phrases 'real estate' and 'real property,' include lands, tenements and hereditaments, and all rights thereto and interest therein, equitable as well as legal."

The legislature, of necessity, took this statute into consideration in passing the act for the construction of hard-surfaced roads when it provided for the assessment "among the several tracts of land . . . according to the benefits accruing to the real property and improvements thereon." Every estate in land, whether in fee or

for a term of years, and the improvements thereon, comes within the contemplation of the statute. Even though the plaintiff has but an easement, it is such an interest in the land that it cannot escape the assessment. Its right of occupancy constitutes a property in the land as fixed and immovable in its character and as fully protected by the law as a fee simple estate. It is of a character as substantially and directly benefited by the proposed improvement as other lands within the district.

The real property and improvements thereon within the district held by the plaintiff must bear its proportion of the burden. The burden, however, must be imposed upon all who are directly benefited in the ratio of the benefits. There is no force to plaintiff's claim that the levying of an assessment against its right of way under this statute will constitute a taking of its property without due process of law, providing, of course, that the assessment is fairly and properly levied. The assessment, being made in the ratio of accruing benefits, requires that it should be imposed equally upon all the property equally benefited. If one half of all the benefits to be reaped by property holders from the improvement accrues to the railway company, and it should be exempted from the assessment, the other property holders would be unequally and unjustly assessed to the extent of that portion which in the ratio should have been assessed against the railway company. The ratio of benefits cannot always be determined with mathematical precision, but the assessment should be made as nearly equal as possible. This is ordinarily done by the commissioners upon actual view of the property and the placing of an appraisal value thereon as determined by its quality for the purpose for which it is used. (*Hamm v. Jefferson County*, ante, p. 301.) The assessments must be made upon all real property and the improvements thereon which is substantially and directly benefited. Land held by the plaintiff, taking into consideration the circumstances under which it is held and used, is as much subject to assessment for the improvement as if it belonged to any other owner. The statute contains no exemption of railroad property, nor exemption of property because of its application to certain uses. There is no question but that the land, if not occupied by the railroad would be subject to the assessment.

The principle on which the district was established was that its territory was specially benefited. Proper assessments are made on that assumption. It is called a benefit district. All in it have a

common interest. Governed by equitable rules, the real property and impovements thereon should equally bear the burden of the improvement.

There were various elements to be considered in arriving at a fair valuation of plaintiff's property for the purpose of this assessment. The board of county commissioners could not adopt the valuation fixed by the state tax commission as a basis for the assessment because that valuation included items such as franchises, rolling stock, material on hand, supplies and tools, moneys and credits, (Gen. Stat. 1915, § 11244), and perhaps other items which could in no sense be said to be "real property and improvements thereon." It could, however, have considered such valuation in connection with other factors in ascertaining its value as a basis for the assessment. The valuation of the main line of a railroad is ordinarily higher than that of the sidings. This might have properly been taken into consideration. The commissioners could have properly considered the elements constituting each kind of track; also the present fair condition of the materials comprising each and the purpose for which it is used. They could have considered the roadbed, ballast, culverts, bridges, if any, its ties and rails in place, fences and other improvements. These elements, with any others which might have aided the county commissioners in arriving at the fair value of plaintiff's property, should have been considered as a basis for the assessment. Depending upon local conditions, there may have been other elements that should have been considered—proximity and accessibility of the improvement to plaintiff's property, the advantage, if any, to plaintiff by affording enlarged or improved trade territory could have been properly considered.

2. It appears from the record that the county commissioners, in determining the benefits accruing to the real property in the benefit district established zones A, B, C and D. The property most accessible to the proposed road and deriving the greatest benefits, was placed in zone A and assessed the highest rate for property in the benefit district. Property next in the scale of benefits was placed in zone B and assessed at a lower rate, next C, and the next D. Plaintiff's property was placed in zone D, as having the least benefits accruing to it of any property in the benefit district, and was assessed at the lowest rate. Plaintiff cannot complain of this. The mistake made by the county commissioners was in taking the valuation of the state tax commission, which included plaintiff's rolling

stock, materials on hand, and various other items of personal property or franchises which cannot be said to be "real estate and improvements thereon." The statute nowhere provides for the assessment of personal property for the construction of hard-surfaced roads.

The judgment is reversed and the case remanded with directions to overrule the demurrer, grant an injunction as to the levy heretofore made, and permit the board of county commissioners to make a new assessment on plaintiff's property in accordance with the views herein expressed.