## UNITED STATES v. MARIN.

No. 10357.

Circuit Court of Appeals, Ninth Circuit.

June 11, 1943.

Norman M. Littell, Asst. Atty. Gen., M. Mitchell Bourquin, Sp. Asst. to the Atty. Gen., and Vernon L. Wilkinson and Roger P. Marquis, Attys., Dept. of Justice, both of Washington, D. C., for appellant.

Charles O. Bruce and Francis T. Cornish, both of Berkeley, Cal., for appellee.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The United States instituted suit to condemn 1.9 acres of land in Berkeley, California, and at the same time filed a declaration of taking pursuant to the Act of February 26, 1931, 46 Stat. 1421, 40 U.S. C.A. § 258a et seq. Estimated compensation of $26,651 was deposited, of which sum $1,200 was allocated to a parcel owned by appellee. The usual ex parte judgment was entered the same day and immediate delivery of possession ordered.

The other owners do not appear to have contested the suit, but appellee answered alleging that the taking was not for a public use. Following a motion to dismiss, interposed by appellee, the government was permitted to amend its complaint. As amended the complaint alleged that condemnation was sought pursuant to certain designated statutes, and that "the land hereinafter described is taken and condemned under the authority of the above-mentioned Acts of Congress for the uses and purposes authorized by said Acts, and is sought and taken by the plaintiff for the establishment of essential equipment and facilities for the expansion of the American Forge Company, Berkeley, California, for use in the production of steel forgings for naval purposes; that said use of said land constitutes a public use and said lands have been selected by the Acting Secretary of the Navy for acquisition for said purposes and uses above stated. * * *"

The motion to dismiss was thereupon renewed and was granted, the judgment of dismissal reciting that "the use and purpose for which said real property is sought and taken is for a private use and not for a public use." From this judgment the government appeals.

Among the acts of Congress referred to in the complaint, and relied on as affording a basis for the taking, is the Act of July 29, 1941, 55 Stat. 608, appropriating funds for naval construction and repair and authorizing execution of the work at "either private or naval establishments." The Act grants authority to acquire such lands as the Secretary of the Navy, with the approval of the President, may deem best suited to the purpose in hand. From the report of the House Committee submitting this legislation (H. Rep. No. 934, 77th Cong. 1st Sess.) it is plain that the Act was passed for the specific purpose of acquiring lands and constructing buildings so as to

enlarge the facilities of private concerns engaged in the production of essential naval material. The report lists the production of steel forgings and castings as an activity in which serious bottlenecks had developed, necessitating further plant expansion. It states that "additional equipment and facilities in both Government and private yards are an urgent need." A table in the report lists the plant of the American Forge Company, a producer of forgings and castings, as among those which may be expected to expand.[1]

Also mentioned in the complaint is the Second War Powers Act of March 27, 1942, Ch. 199, Public Law 507, 50 U.S.C.A. Appendix, § 631 et seq. Title II of this statute amended the Act of July 2, 1917, 40 Stat. 241, 50 U.S.C.A.Appendix, § 632, by providing that "the Secretary of War, the Secretary of the Navy, or any other officer, board, commission, or governmental corporation authorized by the President, may acquire by purchase, donation, or other means of transfer, or may cause proceedings to be instituted in any court having jurisdiction of such proceedings, to acquire by condemnation, any real property * * * that shall be deemed necessary, for military, naval, or other war purposes, such proceedings to be in accordance with the Act of August 1, 1888 (25 Stat. 357), or any other applicable Federal statute, and may dispose of such property or interest therein by sale, lease, or otherwise, in accordance with section 1(b) of the Act of July 2, 1940 (54 Stat. 712)[2] * * *."

■ It is abundantly clear that these statutes authorize the present taking; and the allegations of the complaint leave no room for doubt that the taking is legitimate. We may assume that the expansion of its plant and facilities will be of advantage to the American Forge Company, but that result is purely incidental. The condemnation of the land for the expansion of the private plant is an appropriate means of effecting a public end, namely, the making possible of a speedy and successful prosecution of the war through enlargement of the nation's capacity to produce essential war materials. At this juncture it would be difficult to conceive of a more pressing public need. The details of arrangements worked out or to be worked out between the government and the private operator are of no concern to appellee.[3]

■ The constitutional power of Congress to authorize the doing of what is done here is beyond debate. Congress may employ or authorize the employment of any appropriate means to serve a legitimate public end. Luxton v. North River Bridge Co., 153 U.S. 525, 529, 530, 14 S.Ct. 891, 38 L.Ed. 808; Highland v. Russell Car & Snowplow Co., 279 U.S. 253, 49 S.Ct. 314, 73 L.Ed. 688. The fact, if it be a fact, that the land taken from appellee is to be sold or leased to others does not of itself invalidate the taking, for the government may so proceed in pursuit of its legitimate purposes. Brown v. United States, 263 U.S. 78, 44 S.Ct. 92, 68 L.Ed. 171.[4]

Reversed.

---

[1] By additional legislation shortly thereafter enacted, Act of August 25, 1941, 55 Stat. 669, 680, a large sum was appropriated for necessary tools, equipment, and facilities "at naval establishments or private plants" for the production of armor, armament, and ammunition and "for essential equipment and facilities of all kinds at either private or naval establishments for the repair and conversion of ships, including the necessary purchase of land."

[2] The 1940 Act conferred similar authority on the Secretary of War.

[3] City of Oakland v. United States, 9 Cir., 124 F.2d 959, 964; United States v. 243.22 Acres of Land, 2 Cir., 129 F.2d 678, 683.

[4] See further United States v. 243.22 Acres of Land, 2 Cir., 129 F.2d 678; United States v. Gettysburg Electric R. Co., 160 U.S. 668, 16 S.Ct. 427, 40 L. Ed. 576; Kohl v. United States, 91 U.S. 367, 23 L.Ed. 449. The case of City of Cincinnati v. Vester, 281 U.S. 439, 50 S. Ct. 360, 74 L.Ed. 950, relied on by appellee, is not in point.