267 F.2d 5
 MANUFACTURERS CASUALTY INSURANCE COMPANY, a corporation, Appellant,
v.
ARAPAHOE DRILLING COMPANY, a co-partnership; and John E. Schalk and M. R. Schalk, doing business as Arapahoe Drilling Company, Appellees.
 No. 6033.
 United States Court of Appeals Tenth Circuit.
 May 12, 1959.
 Rehearing Denied June 9, 1959.
 
 Frank Andrews, Santa Fe, N. M. (A. K. Montgomery and Seth, Montgomery, Federici & Andrews, Santa Fe, N. M., on the brief), for appellant.
 Russell Moore, Albuquerque, N. M. (Gilbert, White & Gilbert, Carl H. Gilbert, Edwin E. Piper, Jr., Santa Fe, N. M., and W. A. Keleher & A. H. McLeod, Albuquerque, N. M., on the brief), for appellees.
 Before MURRAH, LEWIS and BREITENSTEIN, Circuit Judges.
 LEWIS, Circuit Judge.
 
 
 1
 This cause was initiated by one David Campbell as an action for damages allegedly suffered by him as the result of personal injuries occasioned through the negligence of present appellees. Appellant, Manufacturers Casualty Insurance Company, entered the case as an intervenor plaintiff because of subrogation rights arising through the payment of workmen's compensation benefits to the plaintiff Campbell. To the complaint in intervention filed by the insurance company in which reimbursement for such payments was sought, the defendant-appellee asserted a counterclaim alleging that it was an additional insured under a policy of automobile liability insurance for $100,000 issued by the appellant insurance company to Campbell's employer and covering the accident giving rise to the main case. The counterclaim tendered the defense of the main case to the insurance company and then sought judgment thus:
 
 
 2
 "1. That if judgment be rendered against them, or either of them herein, that the Defendant or Defendants against which such judgment is rendered have judgment over against the Intervenor-Plaintiff for the full amount thereof, up to the sum of $100,000.00.
 
 
 3
 "2. That these Defendant-Counter-Claimants, and each of them, further have judgment against the Intervenor-Plaintiff for all attorneys fees and other expenses incurred by these Counter-Claimants and each of them in the defense of this cause.
 
 
 4
 "3. That these Counter-Claimants have and recover of and from the Intervenor-Plaintiff their costs of suit herein."
 
 
 5
 The trial court considered the counterclaim, determined that appellee was not an additional insured under the subject policy, granted summary judgment in favor of the insurance company by dismissing the counterclaim, proceeded to try the main case. It was then discovered that a limited partner of Arapahoe Drilling Company was a resident of New Mexico, as was the plaintiff, and that as a consequence the only basis for the claim of federal jurisdiction, diversity, was lacking. The trial court dismissed the main case for lack of jurisdiction and then vacated its previous order that had granted summary judgment to appellant upon appellee's counterclaim. The present appeal is from the order vacating summary judgment and from a subsequent order denying the insurance company's motion to set aside the order of vacation.
 
 
 6
 Under ordinary circumstances such an appeal will not lie because it is not premised upon a final judgment. In dismissing the appeal in State Tax Commission of Utah v. United States, 10 Cir., 136 F.2d 903, we stated:
 
 
 7
 "* * * This appeal was expressly taken from the order denying the petition to vacate and set aside the judgment. It was not from the judgment. In ordinary circumstances such as those presented here, an appeal will not lie from an order refusing to vacate or set aside a prior judgment or decree."
 
 
 8
 To the same effect see Stone v. Wyoming Supreme Court, 10 Cir., 236 F.2d 275; French v. Jeffries, 7 Cir., 161 F.2d 97; Hopkins v. McClure, 10 Cir., 148 F.2d 67. These cases all represent the ordinary situation where the trial court by denying post judgment relief affirms its prior final decision. Assuredly, a losing party cannot extend his time for appeal by claiming that the time did not begin to run until the trial court had disposed of all post judgment motions. Nor can a litigant seek piecemeal review of procedural incidents to a lawsuit. Bendix Aviation Corp. v. Glass, 3 Cir., 195 F.2d 267, 38 A.L.R.2d 356; United States v. Kansas City, 10 Cir., 159 F.2d 125.
 
 
 9
 But the scope of the problem is expanded under the peculiar circumstances of the instant case. Here, the determination of the rights and duties of appellant and appellees as put at issue through the counterclaim were settled on the merits by the summary judgment entered. Such judgment, had the main case progressed to a conclusion upon the merits, would admittedly have been subject to review. And had the trial court made the determination required by Rule 54(b), 28 U.S.C.A., an immediate appeal would lie. Through unusual procedural occurrences, totally disconnected with the counterclaim, the main case failed for lack of jurisdiction and the trial court vacated the judgment of dismissal of the counterclaim as "void and for lack of jurisdiction." The refusal to vacate this order is more than a simple post judgment motion which would in the usual case leave standing an appealable judgment. Here the order, for the first time, fixed the rights of the parties with finality. Since a final decision within the significance of 28 U.S.C.A. § 1291 depends not on its name, its propriety or its normal function but rather upon the determination or refusal to determine a justiciable issue we believe this appeal may be properly presented. The effect of the refusal to vacate the order of dismissal to the counterclaim is to remove a dismissal of the counterclaim determined upon the merits and to substitute a dismissal for lack of jurisdiction. So considered, an appeal will lie. Kasishke v. Baker, 10 Cir., 144 F.2d 384; Fern v. United States, 9 Cir., 213 F.2d 674.
 
 
 10
 In support of its contention that the trial court erred in not allowing a determination of the issues presented by the counterclaim, the appellant points out that plaintiff Campbell had no interest in the outcome of those issues; that, after dismissal of plaintiff Campbell's action diversity jurisdiction[1] existed independently in the counterclaim; and that declaratory relief may be granted by way of counterclaim. And indeed it seems well settled that where a jurisdictional basis exists for a counterclaim it may sometimes be considered though the complaint fail for want of jurisdiction. Such was the background in Isenberg v. Biddle, 75 U.S.App.D.C. 100, 125 F.2d 741, 743, where summary judgment was granted on the counterclaim although the complaint was dismissed for "want of jurisdiction," and the Court of Appeals affirmed, stating:
 
 
 11
 "* * * Counsel insists that when the bill of complaint was dismissed, `the keystone of the District Court's jurisdiction fell and the counterclaim should have been dismissed with the bill'. Moore v. New York Cotton Exch., 270 U.S. 593, 607-609, 46 S.Ct. 367, 70 L.Ed. 750, 45 A.L.R. 1370, and Kelleam et al. v. Maryland Casualty Co., 312 U.S. 377, 61 S.Ct. 595, 85 L.Ed. 899 are cited to sustain this position. In the last named case, Justice Douglas, speaking to the facts in that case, said that once the bill of complaint was dismissed no jurisdiction remained for any grant of relief under the cross petition. But in that case there was no jurisdictional basis for the counterclaim independent of the main action. In the Moore case, the dismissal of the main bill was not for want of jurisdiction, and the court refused to dismiss the counterclaim. Though it is suggested by Professor Shulman that it is implicit in the case that, if a plaintiff's action is dismissed for want of jurisdiction, the counterclaim falls, he adds that this is so only if there is no independent jurisdictional basis for the counterclaim. 45 Yale L.J. 393, 413. Here there is such independent basis and the rule is that in such circumstances, when the counterclaim seeks affirmative relief, it is sustainable without regard to what happens to the original complaint. Lion Mfg. Corporation v. Chicago Flexible Shaft Co., 7 Cir., 106 F.2d 930, 933; Vidal v. South American Securities Co., 2 Cir., 276 F. 855, 874; Jackson v. Simmons, 7 Cir., 98 F. 768 * * *."
 
 
 12
 And in the case of Switzer Brothers, Inc. v. Chicago Cardboard Co., 7 Cir., 252 F.2d 407, 410, the rule is thus formalized:
 
 
 13
 "It appears to be settled that where a counterclaim states a cause of action seeking affirmative relief independent of that stated in the complaint, the dismissal of the complaint does not preclude a trial and determination of the issues presented by the counterclaim."
 
 
 14
 But it is apparent in those exceptional cases where a counterclaim may survive the jurisdictional failure of a complaint that at least three premises must exist. Jurisdiction must exist within the scope of the allegations of the counterclaim; the claim made in the counterclaim must be independent of that made in the main case; and, lastly, affirmative relief must be sought. We are convinced the instant counterclaim falls far short of meeting these requirements.
 
 
 15
 While it is true that plaintiff Campbell had, at least on legal theory, no interest in the claim set forth in the counterclaim it does not follow that the claim is necessarily independent of the main case. The relief sought by the appellee-counterclaimant was a money judgment as a balancing claim-over against appellant for such amount as was within the policy limit and determined to be compensable to the plaintiff Campbell in the main case. The claim for expenses and costs was merely incidental to that relief and dependent upon the success of their principal claim. So completely was the specific counterclaim related in practical effect to the outcome of plaintiff Campbell's cause of action that it became meaningless upon dismissal of the complaint. A claim for a money judgment, the amount to be determined by reference to a then existing but unliquidated claim made by a stranger, has no existence in law except as it may be contained through specific joinder procedures allowed by and dependent upon the suit of the stranger.
 
 
 16
 Finally, appellant contends that the counterclaim could survive the failure of the complaint as a declaratory judgment because either appellant or appellee could have instituted and maintained such an action in the federal court. In such regard it is sufficient to note that appellant did not respond to the counterclaim by asking for declaratory relief nor was the counterclaim brought as one for declaratory relief. The fact that it became necessary to interpret the insurance contract in order to decide appellee's right to a potential money judgment does not change the claim from that of a suit for a money judgment to one for declaratory relief. This court will not, of course, determine what "might have been." The court reviews judgments, not arguments.
 
 
 17
 We find no error in the court below and its judgment is
 
 
 18
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Appellant is incorporated in Pennsylvania