**UNITED STATES v. .073 ACRES OF LAND IN PINELAWN, TOWN OF BABYLON, SUFFOLK COUNTY, STATE OF NEW YORK, et al.**

No. 469.

District Court, E. D. New York.

Dec. 31, 1941.

Harry T. Dolan, Sp. Asst. to the Atty. Gen. (Edward H. Murphy, Sp. Atty., of New York City, Department of Justice, of counsel), for plaintiff.

Russell H. Kruppenbacher, of Brooklyn, N. Y. (George Schenker, of Brooklyn, N. Y., of counsel), for defendant Ernest Krieg.

Leon M. Coleman, of Jamaica, N. Y. (Frederick A. Fullhardt, of Jamaica, N. Y., of counsel), for defendant Michael F. Riley.

MOSCOWITZ, District Judge.

This is a motion to set aside a decision by the Court rendered in favor of the United States as petitioner in a land condemnation proceeding. Pursuant to the Act of Congress approved July 2, 1940, 54 Stat. 712 and the Act of Congress approved February 26, 1931, 46 Stat. 1421, 40 U.S.C.A. § 258a et seq., Hon. Henry L. Stimson, Secretary of War, had filed in this Court a declaration of taking dated January 6, 1941. Possession of the property was delivered to the United States in accordance with the procedure set forth in the statute and this Court is now asked to determine whether the public use requires the condemnation of the real property in question.

An answer has been interposed by the lessee of the premises Ernest Krieg denying in essence the public nature of the taking and alleging that the real purpose of the condemnation was to acquire the land, and immediately make it available for use by the Fairchild Engine and Airplane Corporation, a private corporation, in connection with the manufacture of military aircraft. At the trial, the United States offered in evidence a certified copy of a letter dated January 6, 1941, of the Secretary of War to the Attorney General of the United States wherein it was stated that the immediate possession of the land was necessary for military purposes. The letter reads as follows:

"January 6, 1941

"The Honorable,

"The Attorney General.

"Dear Mr. Attorney General:

"It is necessary and advantageous to the interest of the United States that a certain parcel of land located at Pinelawn, Town of Babylon, County of Suffolk, State of New York be acquired by the United States of America for military purposes.

"Therefore, pursuant to the provisions contained in the Act of Congress approved July 2, 1940 (54 Stat. 712) Public No. 703—76th Congress, and the Act of Con-

gress approved February 26, 1931 (46 Stat. 1421), it is requested that you cause the necessary proceedings to be instituted for the condemnation of the fee simple title to that certain parcel of land situate at Pinelawn, Town of Babylon, County of Suffolk, State of New York, comprising .073 acres of land, more or less, and more particularly described in the inclosed declaration of taking executed by the Secretary of War on January 6, 1941, which it is also requested be filed in conjunction with the proceeding, as immediate possession of the property referred to is necessary for military purposes.

"The Act of Congress approved July 2, 1940 (54 Stat. 712) Public No. 703—76th Congress, appropriated funds for such purposes.

"The inclosed declaration of taking also sets forth the amount ascertained to be just compensation for the taking, namely, $11,500.00, Cashier's Check No. 31293, payable to the order of the Clerk of the United States District Court, Eastern District of New York, is inclosed for deposit in the registry of the court. Also inclosed are three photostat copies of the declaration of taking for your use.

"Sincerely yours,
Henry L. Stimson
"2 inclosures          Secretary of War."
"#1 Dec. of taking
"#2 Check

The original declaration of taking was also placed in evidence. The government thereupon rested its case. A motion to dismiss was denied. The Court refused to accept evidence offered by Krieg tending to prove that the property was being condemned to expand the facilities of Fairchild Engine and Airplane Corporation. At the close of defendant's case, the Court rendered a decree for the United States.

In essence, the various allegations made by the defendant Krieg and the various defenses raised by him can be reduced to the single contention that the land in question was taken not for a public but for a private use. The extended citations of authority by the defendant do little more than reiterate accepted propositions of law such as the requirement that property cannot be taken for a purely private use. The problem at the moment, however, as it is in so many cases is that of applying accepted rules of law to the present set of facts.

Total war as we have come to know it has meant total preparation and into that total preparation must go every facility, every resource and every ability which we have at our command. This Court can take judicial knowledge of the fact that aircraft production was, at the time this land was condemned, vital to the national defense, and now is essential to successful prosecution of the conflict in which we now are engaged.

To find a source of authority, one need go no further than to Article I, Sec. 8 of the Constitution of the United States wherein it is provided that "The Congress shall have Power * * *

"11. To declare War, * * *;

"12. To raise and support Armies, * * *;

"13. To provide and maintain a Navy; * * *

"18. To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof."

In the exercise of the powers thus granted, Congress has passed the statutes referred to above and the Secretary of War in the performance of his duties under the Statute has determined that the land was necessary for military purposes. Even assuming that the defendant Krieg could establish beyond doubt that the land was condemned for no purpose other than to turn it over to the Fairchild Engine and Airplane Corporation, it is admitted that the production of this corporation was going to the use of the United States. Public use cannot be so narrowly defined as to be delimited to actual physical use by the public. In a period of national emergency it must be defined rather in terms of public need and necessity and with full regard to the general welfare. If military production can be stepped up by expanding the facilities of private corporations with government assistance rather than by waiting for normal peacetime expansion of industry, then this Court should not be the arbiter of what manner of proceeding will best serve the public advantage.

The public need is clear. Due process of law was exercised. Compensation will be awarded. If because of unfavorable lease terms the owner, rather than the

lessee Krieg, will obtain the condemnation award, the defendant Krieg has only himself to blame. He should not place his lack of business foresight as an obstacle in the path of swift and thorough national preparedness.

Motion denied. Settle order on notice.