## UNITED STATES v. CERTAIN PARCELS OF LAND IN SEWICKLEY TP., ALLEGHENY COUNTY, PA., et al.

### Civil Action No. 2595.

District Court, W. D. Pennsylvania.

Feb. 18, 1944.

Chas. F. Uhl, U. S. Atty., of Pittsburgh, Pa., and Jas. F. Boyer, Sp. Atty., of Monongahela, Pa., for the United States.

Edmund K. Trent and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for respondent.

SCHOONMAKER, District Judge.

On May 12, 1943, the United States filed a petition in condemnation of certain lands in this District in connection with a Defense Housing Project, under authority of the Condemnation Act of 1888, 40 U.S.C.A., Sec. 257; and the Defense Housing Act of 1940, 42 U.S.C.A. § 1521.

An order of immediate possession was entered the same day. Judgment on this Declaration of Taking was entered by this court on July 1, 1943.

On June 23, 1943, Anthony F. Mordas filed an answer to the Petition in Condemnation, asking that the petition be dis-

missed, because the land was not taken for public use, but for the purpose of erecting thereon one or more stores for the sale of goods to the public for profit.

On July 17, 1943, the United States moved to strike this answer, for the reason that the matters set forth in the answer are insufficient in law and in fact to entitle Mordas to the relief sought.

On August 23, 1943, Mordas filed a motion to vacate the judgment on the Declaration of Taking, alleging that the taking was not for public purpose, but for the purpose of erecting thereon one or more stores for sale of merchandise to the public for profit.

The land of Mordas taken in this case was in connection with a defense-housing project under the Act of October 14, 1940, 42 U.S.C.A. § 1521, which authorizes the United States to acquire land by purchase or condemnation, and to construct thereon buildings and community facilities, in order to provide housing for persons engaged in national-defense activities, and also their families.

■ The land acquired from Mordas was to be used in connection with this housing project for the erection of stores from which defense-workers occupying units in this housing project could purchase supplies for themselves and families. To my mind this is an integral part of the housing project, and necessary for its proper functioning.

■ Public use in connection with the present war emergency cannot be limited to actual physical use by the public, but must be measured in terms of public need and welfare. See United States v. .073 Acres of Land, D.C., 42 F.Supp. 423.

■ Congress certainly may employ any appropriate means to serve a legitimate public end. The purpose here is to see that defense-workers are properly housed and fed. The fact that the land taken is to be leased to others does not invalidate the taking. A case in point is United States v. Mary T. Marin, 9 Cir., 136 F.2d 388, 389, in which Circuit Judge Healy said:

"The fact, if it be a fact, that the land taken from appellee is to be sold or leased to others does not of itself invalidate the taking, for the government may so proceed in pursuit of its legitimate purposes."

Counsel for Mordas cite the case of United States v. Certain Lands in the City of Louisville, 6 Cir., 78 F.2d 684, which involved a housing project as their position. That case related to a low-cost-housing-and-slum-clearance project, while here we are dealing with the war-powers of the Government in connection with the housing and feeding of defense workers.

The motion of the United States to strike Mordas's answer will be granted; and Mordas's motion to vacate the judgment in favor of the United States on the Declaration of Taking will be denied.

The United States Attorney may submit an order accordingly on notice to opposing counsel.